POPE *v.* POPE

5-3557                                                      389 S. W. 2d 425

Opinion Delivered April 26, 1965.

*Robert N. Hardin, Simon & Simon,* Ft. Worth, Texas, for appellant.

*Hall, Purcell & Boswell,* By: *W. Lee Tucker,* for appellee.

GEORGE ROSE SMITH, J. In 1961 the Saline chancery court entered a decree dissolving the marriage between

the appellant, who was then living in Saline County, Arkansas, and his wife, the appellee, who was then living in Texas. The decree gave the custody of the couple's two older children to their father, but the decree did not mention the couple's one-year-old daughter, who was then living in Texas with her mother. In 1963 the appellant moved to New Mexico with the two older children. Since then neither the parents nor the children have been domiciled in Arkansas.

In June of 1964 the appellant, acting through a lawyer not now in the case, filed a petition in the Saline chancery proceeding, asking that he be awarded custody of the third child. Mrs. Pope filed a response seeking custody of all three children. On August 20, 1964, the chancellor entered an order vesting temporary custody of the three children in their mother. Two days later the appellant moved that the entire proceeding be dismissed for want of jurisdiction, in view of the fact that all concerned were nonresidents. The court refused to dismiss the proceeding. This is an appeal from the order granting temporary custody to the mother and from the order denying the motion to dismiss.

We may review the temporary custody order, for such an order is appealable. *Wood* v. *Wood,* 226 Ark. 52, 287 S.W. 2d 902. We cannot review the court's refusal to dismiss, however, for that is not an appealable order. *Wicker* v. *Wicker,* 223 Ark. 219, 265 S.W. 2d 6.

The temporary custody order was not void for want of jurisdiction. The appellant, having come into court voluntarily and sought affirmative relief, is not in a position to question the court's jurisdiction over his person. *Federal Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S.W. 2d 696. As for jurisdiction of the subject matter, the fact that both parents submitted to the court's jurisdiction was a sufficient basis for the temporary order, even though its validity in the states of the children's domicile might be open to question. Leflar, Conflict of Laws, § 180.

The appellant makes the further point that the appellee's proof failed to establish a sufficient change of con-

ditions to justify an award of the two older children to the mother. In this particular case we do not think it was necessary for the appellee to prove a change of conditions. The record indicates that in obtaining a divorce in 1961 the appellant failed to take the necessary steps to see that his nonresident wife was notified of the proceedin, even though he seems to have known her whereabouts in Texas. Thus the order, as a result of the appellant's wrongful conduct, was actually *ex parte*. In the circumstances we are not willing to permit such a defective decree to become binding upon the appellee solely by the feat of lifting itself by its own bootstraps.

Affirmed.