Leonard BURRIS, Administrator of the Estate of
Margaret Ruth SCUDDER, Deceased
*v.* Honorable Henry BRITT, Circuit Judge

83-219                                    663 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered January 23, 1984
[Rehearing denied February 27, 1984.*]

*PURTLE and HAYS, JJ., would grant rehearing. ADKISSON, C.J., not participating.

*H. David Blair, Troy Henry,* and *Lohnes Tiner,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Kay J. Jackson Demailly,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. Petitioner, Leonard Burris, is the administrator of the estate of Margaret Ruth Scudder, deceased, and is the plaintiff in a wrongful death case now pending in the Circuit Court of Jackson County. The regular judge of the Circuit Court of Jackson County, Andrew G. Ponder, recused himself from hearing the case because of his personal relationship with one of the litigants. Shortly afterwards, Albert Graves, the regular circuit judge of another circuit was assigned by the Chief Justice to this case as a judge on exchange under the authority of Ark. Stat. Ann. § 22-142 (Supp. 1983). Prior to the trial, Judge Graves' term of office ended and his appointment was terminated. The Chief Justice then assigned Henry Britt, a retired circuit judge and the respondent in this petition, to try the case as a circuit judge on recall and assignment pursuant to Ark. Stat. Ann. § 22-910 (Supp. 1983). Petitioner has filed a suggestion of disqualification on the ground that respondent is not a circuit judge as defined by the Constitution of Arkansas. Respondent has refused to disqualify himself from the assignment. We hold the respondent's exercise of jurisdiction of the office of circuit judge over petitioner is invalid and grant the writ of mandamus. Jurisdiction is in the Court pursuant to Rules 29(1)(c) and (f).

Procedurally, this is a direct appeal questioning the qualifications of respondent to exercise jurisdiction over petitioner. It is not a collateral attack upon the exercise of jurisdiction. See, *Pope* v. *Pope,* 239 Ark. 352, 389 S.W.2d 425 (1965).

Substantively, the constitution specifically provides two modes for replacing the regular circuit judge when that judge recuses from the trial of a case. See Ark. Const. Art. 7, §§ 21 and 22. Since the modes are expressly set out they are exclusive of all other methods of temporarily replacing a circuit judge and a statute providing a different method is unconstitutional. *State* v. *Green,* 206 Ark. 361, 175 S.W.2d 575 (1943). The issue is whether respondent is serving under the authority of either of the constitutional provisions.

Ark. Const. Art. 7, § 21, the special judge section, provides that if the regular circuit judge becomes disqualified the regular practicing attorneys in attendance at court may elect a special judge to preside. See also, Rule 17, Uniform Rules of Circuit and Chancery Courts. Respondent was not elected as a special judge and does not qualify under the aegis of this section.

Ark. Const. Art. 7, § 22, the judge on exchange section, provides, "The judges of the circuit courts may temporarily exchange circuits or hold courts for each other under such regulations as may be prescribed by law." Ark. Const. Art. 7 & 17, with precise stricture, defines the term of office of the circuit courts: "The judges of the circuit court shall be elected by the qualified electors of the several circuits, and shall hold their offices for the term of four years." Respondent's term of office has expired. He no longer holds the office of judge of circuit court. He is a retired judge and does not qualify under the authority of this section of the constitution.

The General Assembly does not have the power to enlarge the term of office of a circuit judge, *State ex rel. Smith* v. *Askew,* 48 Ark. 82, 2 S.W. 349 (1886). The statute at issue, Ark. Stat. Ann. § 22-910 (Supp. 1983), providing for the

recall and assignment of a retired judge, cannot enlarge the past term of office which was held by respondent.

A writ of mandamus is issued ordering respondent to disqualify from presiding as circuit judge over the trial.

PURTLE and HAYS, JJ., dissent.

ADKISSON, C.J., not participating.

JOHN I. PURTLE, Justice, dissenting. The judicial powers of the State of Arkansas are vested in the Judicial Department. Art. 4, Sec. 1, Constitution of 1874. The powers of the Judicial Department are vested in the Supreme Court and the inferior courts. Art 7, Sec. 1. The Supreme Court of Arkansas has general superintending control over all inferior courts of law and equity. Art. 7, Sec. 4.

In *Vance* v. *Austell,* 45 Ark. 400 (1885) this court held that the Constitution was not so much a grant of powers but rather a limitation of power. At page 408 the opinion states:

> But the constitution of a state is not a grant of enumerated powers. Its chief object is to impose limitations upon the several departments of government. We look to it, not so much to see whether a contested enactment is authorized, but whether it is prohibited. For, if not prohibited either by the letter or the spirit of the fundamental instrument, it is authorized.

Certainly it cannot be logically argued that the Constitution, at least in the articles and sections mentioned herein, prohibits the Judicial Department or the Supreme Court from doing exactly what was done in the present case. The facts that the legislature has provided for this type of appointment and the Judicial Department and Chief Justice of this court complied are reason enough to sustain the appointment.

The efficient administration of justice is mandated by the Constitution, the laws and public policy. The people

have divided the powers of government and vested the judicial powers in the Supreme Court and inferior courts. Art. 7, Sec. 1.

There is no other way to keep the administration of Justice flowing without serious delay and congestion of trial dockets. Certainly the people did not expect to have to change the Constitution in order to keep the court dockets up to date. There is no provision for splitting and dividing the various judicial districts or for providing law clerks, for that matter. Nevertheless, we do these things in order to accomplish the objectives invested in us by the people of Arkansas.

The majority is here holding that the Constitution of Arkansas is a grant of powers by the people. Although I agree with that theory, it is contrary to *Vance* v. *Austell* and its progeny. This opinion has not been overruled during the hundred years after its rendition. Today it has!

I would deny the writ.

HAYS, J., joins in this dissent.