701 S.W.2d 99 (1985)
287 Ark. 415
WESSELL BROTHERS FOUNDATION DRILLING COMPANY, Appellant,
v.
CROSSETT PUBLIC SCHOOL DISTRICT NO. 52 et al., Appellees.
No. 85-148.
Supreme Court of Arkansas.
December 9, 1985.
*100 Barber, McCaskill, Amsler, Jones & Hale, Little Rock, for appellant.
Griffin, Rainwater & Draper, Crossett, Friday, Eldredge & Clark, Little Rock by Michael G. Smith, for appellees.
HAYS, Justice.
In 1978 the Crossett Public School District contracted with John Sanders, Inc., an architectural firm, to prepare plans and specifications for the construction of a school building. The contract was awarded to Advance Construction, Inc. and Advance subcontracted the foundation work to Wessell Brothers Foundation Drilling Company, Inc.
When the building began to show serious structural defects, the district brought suit against Sanders and Advance. Advance then filed a third-party complaint against Wessell and all parties agreed to arbitration. An arbitration agreement was entered into and the issues were submitted to a three member board. Ultimately the arbitration board awarded $850,000 to the district, which it divided among the defendants in proportion to the responsibility it assessed against each: Advance Construction, Inc., $552,500, Wessell Brothers, $255,000, and John Sanders, Inc., $42,500.
After arbitration a dispute arose as to whether the judgment should provide for joint and several liability and while Circuit Judge Paul K. Roberts had that issue under advisement he suffered a heart attack. On December 7, 1984, Chief Justice Webster Hubbell, pursuant to Ark.Stat.Ann. § 22-142, assigned Judge H. A. Taylor to Ashley County to serve in Judge Roberts's place. But on December 10, before that transfer order was received, the lawyers of Ashley County elected Mr. W. P. Switzer Special Circuit Judge pursuant to Article 7, Section 21 of our Constitution, and on December 28, 1984, Special Judge Switzer entered a judgment providing for joint and several liability. Wessell moved to set the judgment aside on the grounds of Judge Taylor's prior assignment to Ashley County. While that motion was pending Judge Taylor set aside the first judgment and entered a judgment on February 27, 1985, identical in all respects to the earlier judgment, the effect being that the district was deprived of ten percent interest on the $850,000 for about sixty days.
Wessell has appealed, raising two points of error: The court erred in entering a judgment against Wessell under the pleadings and, in the alternative, the court erred in entering a joint and several judgment. By cross-appeal Sanders and the district also argue that a joint and several judgment should not have been entered and the district further contends the judgment entered on December 28, 1984 should not have been set aside.
Addressing the first point, Wessell maintains a judgment in favor of the district should not have been entered against Wessell, a third-party defendant, because the school district failed to amend its complaint to state a cause of action against Wessell. It is argued that Advance has a claim for indemnity from Wessell for any amounts it is required to pay to the district but the district has no direct cause of action *101 against Wessell. Wessell relies on this language in the arbitration agreement:
All parties hereby agree to submit to arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association the controversies which exist between them and which controversies are more specifically described in the complaint, answers, third-party complaints, counterclaims, and cross-complaints which are filed in the previously mentioned litigation.
Wessell contends under this provision the issues are to be resolved by the board under the pleadings, thereby precluding any direct liability by Wessell to the district. We disagree.
The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally, thus we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. 5 Am.Jur.2d § 14; and see Prepakt Concrete Co. v. Whitehurst Bros., 261 Ark. 814, 552 S.W.2d 212 (1977). It is generally held that arbitration agreements will not be construed within the strict letter of the agreement but will include subjects within the spirit of the agreement. Doubts and ambiguities of coverage should be resolved in favor of arbitration. 5 Am.Jur.2d § 14; Uniform Laws Annotated, Vol. 7, Uniform Arbitration Act, § 1, Note 53 (and cases cited therein).
We think the intent of the parties is clearly evidenced in the language of the agreement when it states "All parties hereby agree to submit to arbitration ... the controversies which exist between them and which controversies are more specifically described in the [pleadings]." This statement does not in any way suggest that arbitration is to be strictly controlled by the pleadings, but rather, that the pleadings will further explain the issues involved in the dispute. It would be a strained interpretation and contrary to the intent of the parties entering into arbitration to read the agreement as Wessell urges.
The intent of the parties to submit all controversies which existed between them to arbitration is further evidenced in paragraph twelve of the agreement:
12. The order of proof shall be as follows: Crossett Public School District No. 52 shall first present its claims against all other parties. John Sanders and/or John Sanders, Inc., shall present their defenses to the claims which they have against them and to present any claims which they have against the other parties. Advance Construction shall then present its defenses to the claims made against it and to present any claims which it may have against the other parties. Finally, Wessell Brothers Foundation Drilling Co., Inc., shall present its defenses to the claims made against it and to present any claims which it has against the other parties. (our emphasis)
In view of the above language we believe the parties intended to put before the board all disputes among themselves with respect to the subject matter of the litigation and did not intend to bind themselves to the formalities of the pleadings.
In the alternative, Wessell submits it was error to enter a joint and several judgment and we agree. The decision of the arbitration board in this case is carefully explained. The award sets out the "division of payment" to be made by each defendant and the amount each shall contribute, followed by the findings supporting the board's award. A paragraph is devoted to each party, detailing the responsibility of each and in what manner performance was inadequate. There is no mention or suggestion of joint liability. Given the thorough manner in which the award was articulated, we believe the absence of any mention of joint liability is not unintended. The agreement has clearly not directed joint liability in this award. See, generally, 49 C.J.S. § 440 Judgments. Should there be any doubt, we are persuaded in any case by the form and language of the award that the intention of the arbitrators was to direct several liability only, and we will resolve *102 any ambiguity in keeping with that intention. Any ambiguity in an award must be settled in the way that will coincide with the apparent intention of the arbitrators. 5 Am.Jur.2d, supra.
Joint and several liability is of a different character and legal significance than independent liability and the finding of joint liability can radically change the results of a damage award. Courts have no reason to assume that an arbitrator will ignore such fundamental principles of law. See Campbell v. Commonwealth of Pa., 80 Pa.Com. 558, 471 A.2d 1331 (1984). This arbitration board was chaired by Mr. Ralph Barnhart, a former professor and dean at the School of Law, University of Arkansas at Fayetteville, and well acquainted with principles of joint liability. Had the board intended the award to be applied jointly, we think it would have expressly stated it in appropriate terms.
The decision of the arbitration board on all questions of law and fact is conclusive. Kirsten v. Spears, 44 Ark. 166 (1884); and see Alexander v. Fletcher, 206 Ark. 906, 175 S.W.2d 196 (1943); Hirt v. Hervey, 118 Ariz. 543, 578 P.2d 624 (App.1978); Bromley v. Erie Ins. Group, 322 Pa.Super. 542, 469 A.2d 1124 (1983). The court shall confirm an award unless grounds are established to support vacating or modifying the award. Ark.Stat.Ann. § 34-522, § 34-523. None of these grounds was demonstrated to the court, and absent such a showing the court should have entered the judgment as directed in the award.
Turning to the question of which judge had the authority to act, a potential for conflict between Article 7, Section 21 of our Constitution setting out the procedure for the election of special judges, and Ark.Stat. Ann. § 22-142 providing for the temporary assignment of circuit judges by the Chief Justice of the Supreme Court, is apparent.
We have stated in previous holdings that Art. 7, § 21, providing for the election of special judges, and § 22, permitting circuit judges to temporarily hold court for each other, are the modes expressly set out and are exclusive of all other methods of temporarily replacing a circuit judge. We have held that a statute providing a different method is unconstitutional. Burris Adr'r v. Britt, Judge, 281 Ark. 225, 663 S.W.2d 715 (1984); State v. Green, 206 Ark. 361, 175 S.W.2d 575 (1943).[1] We said in Green:
It appears to us that if a regularly elected circuit judge should fail to occupy his office and discharge the duties thereof, his absence would of necessity be occasioned by circumstances which would either constitute a vacancy in the office requiring the Governor to fill the same in accordance with § 1 of Amendment No. 29 or else would constitute a temporary absence on the part of such judge which would require the election of a special judge in accordance with the provisions of § 21 of Article VII of the Constitution. Since the Constitution itself specifically provides the method for filling the office, either permanently or temporarily, as the circumstances require, and thus has covered the entire field, there is an implied limitation or restriction upon the General Assembly which prohibits it from enacting legislation with respect to such matters....
Citing State v. George, 250 Ark. 968, 470 S.W.2d 593 (1971) and State v. Stevenson, 89 Ark. 31, 116 S.W. 202 (1909), the cross-appellees (Wessell and Sanders) argue that the duties of the special judge are confined to those while holding court and the "power to enter judgment" in this case is not one of those duties. It falls instead within the class of powers possessed by a circuit judge on vacation or at chambers.
While Stevenson, supra, does make a distinction between duties of the regular and special judge, the point was made in that case not for the purpose of pointing out the limitations of power of a special *103 judge, but to show the election of a special judge under Art. 7, § 21 was temporary only and such an election did not fill the vacancy of that office. We went on to say that it is undoubtedly true that the chief function of a circuit judge is filled by the election of a special judge. We have additionally held that the purpose of Art. 7, § 21 is to avoid delay in the trial of pending cases which are about to be reached on the docket or which in fact have been reached, and this provision was intended to keep the sessions of the court from failing and to keep the courts in motion by the election of special judges. Titan Oil and Gas v. Shipley, 257 Ark. 278, 517 S.W.2d 210 (1974); State v. George, supra.
There is nothing the cross-appellees point to or we can find that would make this case beyond the powers of a special judge as outlined within § 21 of the Constitution. Cross-appellees are wrong in the assertion that the case was limited to the entry of judgment on the arbitration award. There was disagreement among the parties as to what the arbitration board had directed. Motions and briefs were submitted by the parties and a hearing was held. While the case was under advisement the regular judge became incapacitated and a special judge was elected. This certainly was a "case pending in the circuit court" within the accepted meaning of the phrase, see State v. George, supra; Cruson v. Whitley, 19 Ark. 99 (1857) and Judge Switzer's action on the case was fulfilling the purpose of the constitutional provision.
Inasmuch as the lawfully elected special judge had already exercised jurisdiction over this pending case, his judgment takes priority over the judgments of a judge assigned at a later date. Judge Switzer's judgment therefore stands.
The judgment of February 27, 1985 is reversed and the judgment of December 28, 1984 is modified to omit the provision for joint and several liability.
PURTLE, J., not participating.
NOTES
[1] Procedurally this case is identical to Burris v. Britt in that it is a direct, rather than a collateral, attack on the judgment. See Pope v. Pope, 239 Ark. 352, 389 S.W.2d 425 (1965).