Robert Dale ROWLINS *v.* STATE of Arkansas

CR 94-1036                                       891 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered January 23, 1995

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Robert Rowlins appealed his municipal court conviction for DWI to the Washington County Circuit Court where a bench trial was held by Judge William Storey. At the circuit court trial, the state asked Officer Gunter Lindermeyer questions, concerning the officer having found Rowlins in his car parked with its motor running. Lindermeyer said that he requested Rowlins to get out of his car, and after observing Rowlins and testing him, Lindermeyer concluded Rowlins was under the influence of THC in combination with alcohol. Rowlins's counsel cross-examined the officer's testimony concerning THC. Then Judge Storey asked his own questions, requesting Lindermeyer to explain what THC was and what the significance was of the tests mentioned by Lindermeyer. Rowlins's counsel objected to Judge Storey's questions and this colloquy occurred:

> Defense Counsel: Your Honor, I'm going to object. I think at this point, Judge, you're asking the questions that the prosecutor should have asked and I believe that you need to decide this case on the facts as presented to the

case (sic). You're the trier of facts today. If we had a jury here instead, that jury would not be able to sit here and question that officer in the manner in which you're doing and I object to the Court doing that.

Judge Storey: (Brief pause.) That's a good point, Mr. Norwood. I'll tell you what I'm going to do, I'm going to declare a mistrial in this case and I'm going to assign it to another court and recuse and it'll be for another judge.

Defense Counsel: Thank you, Your Honor. I appreciate that.

Judge Storey: Alright, Court will stand in recess.

About two weeks after Judge Storey recused, a new hearing commenced with Judge David Burnett presiding. Judge Burnett, circuit judge for the second judicial circuit, was on exchange to Washington County Circuit Court pursuant to Ark. Code Ann. § 16-13-403 (Repl. 1994) and Ark. Const. art. 7, § 22. Before the hearing, defense counsel asked Judge Burnett if the exchange agreement between Storey and Burnett had been reduced to writing, and Judge Burnett responded in the affirmative. Rowlins's counsel asked that the agreement be placed in the case file and Judge Burnett agreed to make it a part of the record to which counsel said, "Thank you, your honor." The agreement was, in fact, filed the day of the hearing. At the same hearing, defense counsel interposed an objection, claiming double jeopardy. In this respect, Rowlins argued that, without notice, Judge Storey had declared a mistrial and as a consequence, double jeopardy precluded a retrial. Judge Burnett denied Rowlins's double jeopardy claim and Rowlins brings this appeal from Judge Burnett's final order on that issue. *See Smith* v. *State*, 307 Ark. 542, 821 S.W.2d 774 (1992).

In this appeal, Rowlins resumes his argument made below that, when Judge Storey declared a mistrial, double jeopardy precluded any retrial unless the mistrial was for a manifest necessity. Rowlins argues no manifest necessity existed and, in fact, states that when Judge Storey declared a mistrial, there was nothing in the record indicating that Judge Storey was favoring one side or the other by his questions.

Under Ark. Code Ann. § 5-1-112(3) (Repl. 1993), a

retrial of a defendant is not permitted if a former prosecution was terminated without the express or implied consent of the defendant unless the termination was justified by overruling necessity. Here, as set out above, Rowlins greeted Judge Storey's mistrial decision and ruling to recuse by saying, "Thank you, your honor. I appreciate that." Surely, no more is required to show Rowlins's agreement with Judge Storey's decisions. While Rowlins now argues he believes Judge Storey's questions were not meant to favor the state, Rowlins, when he interposed his objection, admonished Judge Storey that he was asking questions the prosecutor should have asked. Rowlins reminded Storey that as judge, he was the trier of the facts and should decide the case on the facts presented. Rowlins claims he was "caught off guard" by Judge Storey's mistrial ruling, but our review of the record reflects Rowlins had ample opportunity to apprise Judge Storey that Rowlins was not seeking or agreeing to such relief. Instead, defense counsel's express response indicated he agreed with Judge Storey.

■■ In his second argument, Rowlins contends the exchange agreement entered into by Judges Storey and Burnett pursuant to § 16-13-403 was unlawful because Ark. Code Ann. § 16-13-1203 (Repl. 1994) provides that voters of the fourth judicial district (which includes Washington County Circuit Court) must elect the judges who preside over all cases arising within the district. In sum, Rowlins asserts these two statutes are conflicting and § 16-13-1203 should control. This argument is meritless. Ark. Const. art. 7, § 22 clearly provides that the circuit judges may temporarily exchange circuits or hold court for each other under such regulations as may be prescribed by law. Section 16-13-403 merely implements that constitutional mandate allowing for temporary exchanges between districts or circuits. Before leaving this point, we mention Rowlins actually requests that this court issue a writ of mandamus requiring compliance with § 16-13-1203. However, because § 16-13-403 is applicable, not § 16-13-1203, that request is denied.

■ Finally, Rowlins claims the exchange agreement between the two judges was void because it was open-ended, contained no limitation as to cases or time, and the agreement was not timely filed. None of these points were raised below, and this court has held that a presumption is indulged that an exchange

agreement by the regular judge and presiding judge is regular and in compliance with the statutes, and cannot be questioned for the first time on appeal. *Boyd* v. *Matthews*, 239 Ark. 112, 388 S.W.2d 102 (1965).

We have also held that, while § 16-13-403 mandates that the judges, agreeing to exchange a case, sign the agreement and enter it on the record, such non-jurisdictional error may be waived. *Lynch* v. *State*, 315 Ark. 47, 863 S.W.2d 834 (1993). That is the situation in the case here.

For the reasons discussed above, we affirm.