James A. NEAL, as Executive Director of the Supreme Court
Committee on Professional Conduct
*v.* Jimmie L. WILSON

95-536                                                        900 S.W.2d 177

Supreme Court of Arkansas
Opinion delivered June 12, 1995

*Daggett, Van Dover & Donovan*, by: *Robert J. Donovan*, for petitioner.

*Friday, Eldredge & Clark*, by: *Jerry L. Malone*, for respondent.

PER CURIAM. On October 9, 1991, petitioner filed a disbarment proceeding against the respondent in the Phillips County Circuit Court. Respondent moved to dismiss, contending the statute of limitations had run. By letter dated December 24, 1991, Phillips County Circuit Judge Baird Kinney notified this court that both he and the other circuit judge of the 1st Judicial District had recused from the proceeding involving respondent, and requested a special circuit judge be assigned to hear the matter. Pursuant to Act 496 of 1965, the Chief Justice, on February 18, 1992, assigned Circuit Judge Lance Hanshaw.

On March 3, 1993, Judge Hanshaw entered an order dismissing petitioner's action against respondent based primarily upon the statute of limitations. That order was appealed and

reversed by this court's decision in *Neal* v. *Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). The *Neal* decision was delivered on April 18, 1994, and rehearing was denied on May 23, 1994. By letter dated April 20, 1994, Judge Hanshaw recused from hearing the case on remand and requested another judge be assigned to hear it. Again, pursuant to Act 496, another circuit judge, Judge John Lineberger of the 4th Judicial Circuit, was assigned on May 3, 1994, to try this case, and to hold all ancillary proceedings. By letter dated May 3, 1994, Judges Hanshaw and Baird Kinney and Phillips County Circuit Clerk, Wanda McIntosh, were notified of Judge Lineberger's assignment. The order assigning Judge Lineberger reflects it was filed with this court's clerk on May 3, 1994, but the order was not filed in the Phillips County Circuit Court proceedings until September 14, 1994. No further activity appears to have occurred in the case until some time in December of 1994, when respondent moved for Judge Lineberger's disqualification.

In respondent's motion suggesting Judge Lineberger's disqualification, he contended that, when Judge Hanshaw had recused, a new circuit judge had taken office who had not recused in this case, and, as a consequence, this proceeding automatically reverted to that circuit judge upon Hanshaw's recusal.[1] Judge Lineberger denied respondent's motion on January 5, 1995, and respondent took no subsequent action to contest Judge Lineberger's ruling or jurisdiction in this matter. By letter dated April 26, 1995, Judge Lineberger set a nonjury trial on the merits of the case to be heard on June 13, 1995.

The record next reflects that, on May 15, 1995, a flurry of letters was exchanged between respective parties' counsel. Respondent's counsel notified counsel for petitioner that the new 1st Judicial Circuit Judge, Judge Olly Neal, had two dates on which he could try respondent's case, but petitioner's counsel responded, stating he would not attend a hearing until Judge Neal signed an order assuming jurisdiction of the case. Petitioner was subsequently served with a notice setting a hearing in Judge Neal's court on May 18, 1995. Petitioner appeared on that date, contesting Judge Neal's jurisdiction to proceed in the matter. Judge

---

[1]Judge Olly Neal was elected at the General Election on November 3, 1992.

Neal ruled he had jurisdiction to proceed and did, by deciding the case on its merits. Judge Neal's order was signed on May 24 and entered on May 25, 1995.

On May 19, 1995, petitioner filed in this court for a writ of certiorari directing that all judgments, orders and rulings made by Judge Olly Neal be declared void since Judge Lineberger had been assigned jurisdiction to try this case. On May 24, 1995, respondent moved to dismiss petitioner's request for certiorari, asserting (1) writs of certiorari are issued to direct a judge to perform a duty and Judge Neal was not made a party to this special action, (2) a petition for writ of prohibition would have been a proper remedy, but is not warranted on the facts of this case, (3) an appeal provides an adequate remedy, and (4) no grounds are recited upon which a writ of certiorari can issue in this matter.

The general rule is that certiorari cannot ordinarily be used as a substitute for appeal. However, this does not mean that actions of trial courts during the course of an action are not subject to review, in a proper case, by a court having supervisory jurisdiction, or that, in the exercise of that jurisdiction, resort may not be had to mandamus, prohibition or certiorari where appellate remedy is unavailable or inadequate. *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973). Even if an appeal is available to petitioners, certiorari, in a court having supervisory jurisdiction, would still lie to quash a judgment which is void on its face, or to control the actions of an inferior tribunal which is proceeding illegally where no other mode of review has been provided. *Id.*

Here, petitioner asserts Judge Lineberger was properly assigned jurisdiction of this case, and as a consequence, Judge Neal's assumption of jurisdiction of this cause was void. We agree. While respondent complains that Judge Neal had never recused from hearing this case and therefore retained jurisdiction to hear it, that fact was never conveyed to this court at the time Judge Hanshaw's assignment was terminated or when Judge Lineberger was assigned. At the time of Judge Lineberger's assignment, the record reflected the circuit judges in the 1st Judicial District had recused, and the special assigned circuit judge, Judge Lance Hanshaw, had done so as well. Based upon that

record, this court made the new and temporary assignment of Judge Lineberger to this case pursuant to the terms of Act 496, as amended, [codified as Ark. Code Ann. §§ 16-10-101 (Repl. 1994)].[2] At the latest, respondent knew (or should have known) of Judge Lineberger's assignment on September 14, 1994 — the date the order was filed in this proceeding in the Phillips County Circuit Court Clerk's Office. The principle is well settled that it is the duty of a litigant to keep himself informed of the progress of his case. *United S. Assurance Co.* v. *Beard,* 320 Ark. 115, 894 S.W.2d 948 (1995). Nonetheless, respondent waited nearly three months before requesting Judge Lineberger to recuse, and when respondent's request was denied, he never petitioned this court that Judge Lineberger's assignment was improper and lacked jurisdiction. In fact, respondent simply failed to act in any way to apprise this court that Judge Neal had not recused from serving in this case. Nor did he question the validity of Judge Lineberger's assignment until May of 1995, when petitioner filed this original proceeding for certiorari. In other words, respondent waited eight months after Judge Lineberger's assignment was filed in the Phillips County Circuit Clerk's office to notify this court that Judge Neal had not recused in this matter.

■ Why respondent failed to question Judge Lineberger's assignment earlier is unclear. Regardless, we emphasize the fact that the record before this court at the time of Judge Lineberger's assignment reflects that the circuit judges in the 1st Judicial District had recused from this case, and no party had offered any motion, objection or information to the contrary. *It is the parties'*

---

[2]Section 16-10-101 provides in pertinent part as follows:

(a) The Arkansas Supreme Court shall have general superintending control over the administration of justice in all courts in the State of Arkansas. The Chief Justice of the Supreme Court shall be directly responsible for the efficient operation of the judicial branch and of its constituent courts and for the expeditious dispatch of litigation therein and the proper conduct of the business of the courts.

(b)(1) Under rules prescribed by the Supreme Court, the Chief Justice may require reports from all courts of the state and may issue such orders and regulations as may be necessary for the efficient operation of those courts to ensure the prompt and proper administration of justice and may assign, reassign, and modify assignments of judges of the circuit court, the chancery court, and the probate court to hold, upon a temporary basis, regular or special sessions for the transaction of civil or criminal business within any other such court.

*or trial court's responsibility to apprise this court as to whether an assignment is necessary under Act 496. Once that assignment is made, that responsibility continues. Clearly, it is not this court's task, on its own volition, to discover or monitor whether the circumstances have changed to warrant the termination of an assignment or reassignment.* The mere fact that a new circuit judge had been elected in the 1st Judicial Circuit after Judge Hanshaw's and before Judge Lineberger's assignments did not, in itself, suggest the new circuit judge had not recused from trying this case. Certainly, if respondent had notified this court of Judge Neal's willingness to serve in this matter, this court could have considered that factor in deciding whether a new assignment was required under Act 496.[3] Certainly, if respondent had acted earlier, petitioner would also have been afforded an early opportunity to question the propriety (or appearance of impropriety) of Judge Neal sitting in this matter. Under the circumstances, petitioner was unable to suggest Judge Neal's disqualification until after Judge Neal belatedly attempted to exercise jurisdiction over this case in May of 1995.[4]

In sum, we must conclude that the record of this case reflects Judge Lineberger's assignment was valid, and accordingly that assignment gave him jurisdiction to try this litigation. That being so, Judge Neal's attempt to assume jurisdiction and to decide this matter was clearly erroneous and void. The record also reflects Judge Neal knew this case had been assigned to Judge Lineberger, who already had set this cause for trial, but Judge Neal undertook to hear and decide the case anyway. We hold that petitioner has no adequate remedy in these circumstances except certiorari. Judge Lineberger, in exercising appropriate jurisdiction, set this matter for trial on June 13, 1995, and he is necessarily the sole judge having the power and authority to proceed in this cause.

In conclusion, we touch on respondent's brief men-

---

[3]The dissent suggests this court's assignment of Judge Lineberger exceeded its power of temporary appointments under Act 496. Such is not the case. Again, when this court temporarily assigned Judge Lineberger to hear this case, the record showed that such assignment was necessary for the proper administration of justice.

[4]Petitioner suggested Judge Neal's disqualification, citing the Judge's past association with respondent in the practice of law.

tion that Judge Neal is a necessary party to the request for certiorari proceeding. He cites no legal authority and even fails to cite or argue ARCP Rule 19, Arkansas's rule concerning the joinder of persons needed for a just adjudication. We have held that, absent convincing argument or citation of authority, we decline to address the response or argument to a petition for certiorari. We would simply state that neither Judge Neal nor Judge Lineberger has an interest related to the subject of this action between petitioner and respondent, and those judges' presence, as parties, has nothing to do with whether complete relief can be accorded in this case. *Cf. Bridges* v. *Arkansas Motor Coaches Limited, Inc.*, 256 Ark. 1054, 511 S.W.2d 651 (1974); *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973); *State* v. *Nelson, Berry Pet. Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969) (where petitions for writs of certiorari actions were decided by the court without trial judges being joined as parties). We would also point out that Judge Neal has never requested to be a party to this case.

Because we find Judge Neal has proceeded in excess of his authority and jurisdiction, his directives and orders relating to the action between petitioner and respondent are quashed. *Nelson, Berry Pet. Co.*, 246 Ark. at 221, 438 S.W.2d at 40.

NEWBERN, J., not participating; BROWN and ROAF, JJ. dissent.

ROBERT L. BROWN, Justice, dissenting. There are too many unanswered questions to allow this matter to go to trial on June 13, and a necessary party, Judge Neal, should be joined as a respondent. I would stay the trial to allow further development and consideration of the issues involved and advance the case for a decision in September.

The question that permeates all aspects of this case is why a special judge, Judge John Lineberger, was appointed to replace Special Judge Lance Hanshaw on May 3, 1994, when a duly elected circuit judge, Judge Olly Neal, who had not recused, was sitting in the district. This appears to have been a mistake. When one special judge recused, the immediate reaction must have been to appoint another special judge without remembering that in the interim a new circuit judge had been elected within the district. It is that apparent mistake that has given rise to much of this controversy.

Turning to the merits, I cannot agree with certain statements by the majority. First, I cannot agree that the record reflects that all circuit judges in the First Judicial District had recused in this case when Special Judge Lineberger was appointed. Judge Neal apparently had not. Further, I question the following conclusion: "The mere fact that a new circuit judge had been elected in the 1st Judicial Circuit after Judge Hanshaw's and before Judge Lineberger's assignments did not, in itself, suggest the new circuit judge had not recused from trying this case." The majority appears to espouse the theory of an *implied* recusal by Judge Neal at the time of Special Judge Lineberger's appointment because Judge Neal failed to announce that he was trying the case. That assumption by the majority inspires the question of whether Judge Neal was ever presented with the option of sitting or recusing before Special Judge Lineberger was appointed. The record before us suggests that he was not. That issue is different from the issue of whether Judge Neal later waived his authority by permitting Special Judge Lineberger to proceed with the case. All of this points up the fact that Judge Neal needs to be a party to this original proceeding.

The crux of this case is whether Special Judge Lineberger has already asserted jurisdiction over the matter and, if so, at what point did he do so. For example, did he do so before Respondent Wilson suggested that he disqualify in December 1994? A corollary issue is why did Respondent Wilson not raise the issue of Special Judge Lineberger's lack of authority earlier. Did he waive his rights by not doing so? And, again, does Judge Neal not have a right to be heard in this? After all, it is his authority that is in question.

The majority is undoubtedly right that in certain certiorari cases the trial judge has not been made a party. But this court has also stated most recently that a writ of certiorari is issued to direct a judge to perform a duty. *Dougan* v. *Gray*, 318 Ark. 6, 884 S.W.2d 239 (1994). Manifestly, a writ of certiorari issues to prevent a judge from acting in excess of his jurisdiction. *Bates* v. *McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994). This is just such a case. Indeed, the majority has granted the writ, determined that Judge Neal acted in excess of his authority, and vacated his orders without hearing his side of things. That is fundamentally unfair. Judge

Neal is clearly a necessary party under Ark. R. Civ. P. 19. We are on shaky and uncertain ground in my opinion when we remove him from the case without giving him a voice in the matter.

I would allow supplemental briefs and advance the case on the docket so that it could be decided in September of this year. The suggestion of a conflict of interest on the part of Judge Neal due to a prior professional relationship with Respondent Wilson has been injected into this matter by Petitioner James Neal. I would allow an amendment to the petition, should petitioner James Neal choose to do so, and supplemental briefs on this issue also.

Because I would stay the trial, join Judge Neal as a party, permit supplemental briefs, and expedite the matter, I respectfully dissent.

ROAF, J., joins.

ANDREE LAYTON ROAF, Justice, dissenting. There is so much in the majority opinion with which I take issue that it is hard to know where to start, but the holding that Judge John Lineberger was "properly assigned jurisdiction of this case" without any authority or discussion of the inherent underlying conflict between his assignment and the constitutional and statutory authority of the duly elected, sitting circuit judge for the First Judicial District is as good a place as any. The propriety of Judge Lineberger's assignment, and not the refusal of Judge Olly Neal to disqualify is the real issue presently before us, and there is no question that the assignment was made in error.

The majority seems to opine that because this court, through the office of the Chief Justice, had once made a valid assignment of Judge Hanshaw, pursuant to Ark. Code Ann. § 16-10-101(b)(1) (Repl. 1994), which grants the Supreme Court general superintending control over the administration of justice in all courts of the state, it retained control over this case regardless of the passage of time and change in circumstances. Indeed, the majority states that it merely would have *considered* "Judge Neal's possible ability and willingness to serve in this matter" in making its assignment under Act 496 if respondent had so notified the court. The majority, therefore, does not deem it necessary to discuss the facts surrounding Judge Lineberger's assignment as it

relates to the statutory authority of this court to so assign him; I do, and I will.

Judge Lineberger's assignment was apparently triggered by the letter Judge Hanshaw directed to the Administrative Office of the Courts (AOC) on April 20, 1994, in which he expressed disagreement with this court's reversal of his decision in the initial proceedings between these parties and declined to rehear the case. He asked the AOC to "Please re-assign this case to someone else." Judge Hanshaw's assignment was then terminated by order of this court on April 25, 1994, and Judge Lineberger was assigned to the case by order of this court dated May 3, 1994. The majority construes the initial appointment of Judge Hanshaw on February 18, 1992 and his letter of more than two years later, as some kind of a "record" upon which this court could properly rely in making the reassignment of Judge Lineberger. Indeed, the holding of the majority finds no obligation or responsibility on this court or the AOC other than to react to the "request" of Judge Hanshaw, who has no connection to Phillips County or to the First Judicial District other than his earlier assignment to this case.

We must examine the underlying bases for the authority of both Judge Neal and Judge Lineberger to determine if one will have supremacy over the other. Of course, Judge Neal's authority to hear this case derives from his status as the circuit judge elected by the people of his district. Arkansas Const. art. 7, § 13 provides:

> The State shall be divided into convenient circuits, each circuit to be made up of contiguous counties, for each of which circuits a judge shall be elected, who, during his continuance in office, shall reside in and be a conservator of the peace within the circuit for which he shall have been elected.

Further, Ark. Code Ann. § 16-13-903 (Repl. 1994) provides that voters of the first judicial district (which includes Phillips County Circuit Court) must elect the judges who preside over all cases arising within the district. Finally, Ark. Code Ann. § 16-13-210 (Repl. 1994) provides in part:

> Any circuit judge of this state, at any time while mentally and physically competent and physically present in the geographical area of the judicial district which he serves as judge, may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides. . .

As to Judge Lineberger's authority, this court has concluded that Ark. Const. art. 7, § 21, providing for the election of special judges, and Ark. Const. art. 7, § 22, permitting circuit judges to temporarily hold court for each other, are the modes expressly set out in the constitution and are exclusive of all other methods of temporarily replacing a circuit judge. *Wessell Bros. Drill* v. *Crossett Sch. Dist., No. 52*, 287 Ark. 415, 701 S.W.2d 99 (1985); *Burris, Adm'r* v. *Britt, Judge*, 281 Ark. 225, 663 S.W.2d 715 (1984). Because Judge Lineberger was not elected by the practicing attorneys of Phillips County pursuant to Ark. Const. art. 7, § 21, the only provision under which Judge Lineberger could hold authority to hear the case is Ark. Const. art. 7, § 22. Article 7, § 22, Exchange of circuits, provides:

> The judges of the circuit courts may temporarily exchange circuits or hold courts for each other *under such regulations as may be prescribed by law.*

(Emphasis supplied.) In accordance, Ark. Code Ann. § 16-10-101 provides in part:

> (b)(1) Under rules prescribed by the Supreme Court, the Chief Justice may require reports from all courts of the state and may issue such orders and regulations as may be necessary for the efficient operation of those courts to ensure the prompt and proper administration of justice and *may assign, reassign, and modify assignments of judges of the circuit court, the chancery court, and the probate court to hold, upon a temporary basis, regular or special sessions for the transaction of civil or criminal business within any other such court.*

(Emphasis supplied.) This court has recognized that if a trial court has problems with congested dockets or conflicts in scheduling, and the *prompt and proper administration of justice warrant it*, the temporary assignment of judges may be had pursuant

to Ark. Code Ann. § 16-10-101 (Repl. 1994). (Emphasis supplied.) *Arkansas Dep't of Human Services* v. *Templeton*, 298 Ark. 390, 769 S.W.2d 404 (1989); *See State* v. *George*, 250 Ark. 968, 470 S.W.2d 93 (1971). Further, where the regular judges of the circuit recuse from hearing the case, the court may temporarily assign a judge from another circuit. *See Burris, supra.*

Initially, it may appear that both Judge Neal and Judge Lineberger have authority to hear the matter. In *Rowlins* v. *State*, 319 Ark. 323, 891 S.W.2d 56 (1995), this court concluded that Ark. Const. art. 7, § 22 clearly provides that circuit judges may temporarily exchange circuits. The court stated that Ark. Code Ann. § 16-13-403 (Repl. 1994) (statutory procedure for exchange) merely implemented that constitutional mandate and did not conflict with Ark. Code Ann. § 16-13-1203 (Repl. 1994) which provided the voters of the district must elect the judges who preside over all cases arising within the district. Similarly, § 16-10-101 (authorizing assignment by Chief Justice) merely implements the mandate of art. 7, § 22 and does not, per se, conflict with Ark. Code Ann. §§ 16-13-210 or 16-13-903.

The majority concludes that because Judge Lineberger's assignment was valid and gave him jurisdiction, Judge Neal's "attempt to assume jurisdiction" was clearly erroneous and void. Judge Neal, however, was a duly elected circuit judge for Phillips County, and he had not disqualified from serving on the case. Therefore, there was no basis for assigning another judge to hear a matter which he was capable of presiding over, and, in fact, elected to preside over. In essence, it could be concluded that Judge Neal had already exercised jurisdiction over the matter.

In the instant case, the critical question is whether a judge may be assigned under § 16-10-101 even though there is a regular circuit judge who has not recused and is capable of hearing the matter. This court clearly has the authority to assign judges under § 16-10-101, and the provision does not appear to place limitations upon that power. However, we have limited that authority by stating that if a trial court has problems with congested dockets or conflicts in scheduling, and the prompt and proper administration of justice warrant it, the temporary assignment of judges may be had pursuant to § 16-10-101. *Arkansas Dep't of Human Services* v. *Templeton*, 298 Ark. 390, 769 S.W.2d 404

(1989). Thus, it would appear that the trial court must have problems with congested dockets or conflicts in scheduling before the court may simply assign a judge.

Surely we are not granted unlimited authority to assign a circuit judge. In the instant case, the assignment was probably inadvertent, but the impact is the same. If the assignment of Judge Lineberger is deemed valid, then the court would, in essence, be granted the authority to assign and reassign circuit judges without even a request from the regular sitting judges. This court has stated that the prompt and proper administration of justice must warrant the assignment. Because Judge Neal was capable of hearing the matter, the assignment of Judge Lineberger was not warranted.

Because this court did not have the authority to assign Judge Lineberger, he does not have jurisdiction to hear the matter, or any matter in Phillips County. *See Waddle* v. *Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993). The general rule is that a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *West* v. *Belin*, 314 Ark. 40, 858 S.W.2d 97 (1993). Further, in *Abercrombie* v. *Green*, 235 Ark. 776, 362 S.W.2d 12 (1962), this court recognized that the constitution and statutes require that a special circuit judge or chancellor be elected by the attorneys in attendance in the court and that the proceedings be entered upon the record. This court stated that where the parties attempt to select a special judge by agreement the proceedings are void. *Id.* Thus, any proceedings by Judge Lineberger would be void.

I conclude, without reservation, that this court and the AOC should, in every instance, be charged with the responsibility for knowing the status of the duly elected, sitting judges in a district before making any assignment pursuant to § 16-10-101, and it matters not whether the assignment of Judge Lineberger in this case was made inadvertently, by oversight, or with knowledge of the status of Judge Neal; it was made in error and the result is the same — the assignment is void.

Additionally, there is not one document among the voluminous documentation included with the petition, nor is there even an allegation, indicating that the respondent or Judge Olly Neal were ever aware of the assignment of Judge Lineberger, until the

order appointing him was filed with the Circuit Clerk of Phillips County on September 14, 1994. The majority goes so far as to even state that the respondent should have been aware of this assignment pursuant to the "duty of a litigant to keep himself informed of the progress of his case." The majority is in essence characterizing the assignment of a circuit judge as somehow part and parcel of the underlying adversarial proceeding; I take issue with this characterization. Further, the issues of Judge Neal's alleged conflict of interest and his refusal to disqualify are not presently before us and are irrelevant; the injection of these issues into the jurisdictional question presented by petitioner serves only to cloud the real issue before us, that of the validity of the assignment of Judge Lineberger in the first place.

Finally, the proper remedy to resolve this conflict is a direct appeal. The settled rule is that when there is a remedy by appeal, a writ of certiorari will not be granted unless there was a want of jurisdiction, or an excess in its jurisdiction, by the court below. *Arkansas Dep't of Human Servs.* v. *Templeton*, 298 Ark. 390, 769 S.W.2d 404 (1989). The want of jurisdiction or act in excess of jurisdiction must be apparent on the face of the record. *Id.* In the instant case, Judge Neal is a regular circuit judge for Phillips County and he heard a matter pending in Phillips County Circuit Court. Thus, it is not apparent on the face of the record that there was a want of jurisdiction or an act in excess of jurisdiction. In *Wessell, supra,* this court addressed on *direct appeal* the question of which judge had the authority to act — an assigned judge or a judge elected by attorneys pursuant to art. 7, § 21.

Today's holding stands for the proposition that this court, through the office of the Chief Justice, can make an assignment of a judge foreign to a district upon the most casual and offhanded of requests, or even in the absence of any request at all, without regard to the status of the duly elected judges serving in the county and district, and such assignment will be a valid exercise of the statutory authority under § 16-10-101, so long as the sitting judge has not actually commenced proceedings on the case. Certainly this court does not contemplate wielding its considerable power in this fashion in the future, and just as certainly it should not do so in this instance. The citizens of the First Judicial District have elected Judge Neal as the circuit judge to hear cases brought forward in Phillips County. To deny his constitu-

tional authority over any proceeding in this unprecedented manner is to impermissibly deprive these citizens of their voice in the election of the judicial officer for their district.

I respectfully dissent.