The Honorable Michael D. Booker State Representative P.O. Box 45154 Little Rock, Arkansas 72214
Dear Representative Booker:
This is in response to your request for an opinion on the following question:
 Whether a member of the Arkansas General Assembly can serve as a "Special Judge" in the Circuit or Chancery Courts in the State of Arkansas?
Although I have found no controlling Arkansas precedent on the precise question, there are three constitutional provisions implicated by your request, and it appears that at least one of these provisions (the separation of powers provision of article 4), may preclude the dual service you describe. It should be noted, however, that although the dual service might be prevented in a direct challenge for that purpose, the actions of the "special judge" in question while sitting as such, may not be attacked collaterally, and are in all likelihood valid as the actions of a de facto officer.
I assume that the member of the General Assembly to whom you refer either was, or would be elected "special circuit judge" or "special chancellor" by a vote of the regular practicing attorneys in attendance at the court, either because the regular circuit judge had vacated the office, failed to attend, was unable to perform his duties or was disqualified. This is authorized by Arkansas Constitution, art. 7, § 21.[1] The only other way a "special circuit judge" or chancellor could be appointed would be pursuant to Arkansas Constitution, art. 7, § 22, which authorizes circuit judges of the various districts to exchange circuits and hold court for each other.[2] See Wessell Bros. Foundation DrillingCo. v. Crossett Public School District No. 52, 287 Ark. 415,701 S.W.2d 99 (1985); Burris, Administrator, v. Britt, Judge, 281 Ark. 225,663 S.W.2d 715 (1984); and State v. Green, 206 Ark. 361, 175 S.W.2d 575
(1943). See also however, A.C.A. § 16-10-101(1987) (empowering the Chief Justice to "assign, reassign, and modify assignments of judges of the circuit . . . chancery . . . and probate court[s] . . .") and State v.George, 250 Ark. 968, 470 S.W.2d 593 (1971) (concluding that where the attorney election method of art. 7, § 21 was inapplicable, the exchange of circuits upon agreement of the judges or the assignment of another circuit judge by the Chief Justice were alternate methods of selecting a judge).
I assume the General Assembly member was or is to be selected by election of the practicing attorneys, as it does not appear that a General Assembly member would otherwise be a duly elected circuit judge or chancellor serving on exchange, whether by agreement with the regular judge or chancellor, or assignment by the Chief Justice.
That being said, there are three constitutional provisions which are of potential applicability to the situation you describe. The first is Arkansas Constitution, art. 7, § 18, which provides as follows:
 The judges of the circuit courts shall at stated times receive a compensation for their services, to be ascertained by law, which shall not, after the adjournment of the first session of the General Assembly, be diminished during the time for which they are elected. They shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under the State or the United States. [Emphasis added.]
It is clear, however, that this particular provision does not apply tospecial circuit judges. Maples v. Road Improvement District No. 2,137 Ark. 177, 208 S.W. 577 (1919). It thus stands as no obstacle to the dual service you describe.
The second provision implicated by your question is Arkansas Constitution, art. 5, § 10, which provides that: "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." It is unclear, under this provision whether the "election" of a member of the General Assembly by practicing attorneys to serve temporarily as a special circuit judge or chancellor is within the contemplation of this provision. Questions may also arise as to whether the position of "special circuit judge" or chancellor is a "civil office under this State." It has been held that the purpose of art. 7, § 21 is to avoid delay in the trial of pending cases which are about to be reached on the docket or which in fact have been reached, and this provision was intended to keep the sessions of the court from failing and the keep the courts in motion by the election of special judges. See Wessell, supra, citing State v.Stevenson, 89 Ark. 31, 116 S.W. 202 (1909). It has also been held that a "special circuit judge" is "not a circuit judge," because he serves only one particular court and not the entire circuit, and does not possess all of the powers of a regular circuit judge. See State v. Stevenson, supra.
The court also has stated that art. 7, § 21 provides only for a "partial fulfillment of the office." Id.
It is unclear in my opinion, therefore, whether the Arkansas Supreme Court would find art. 5, § 10 to be a prohibition against the dual service you describe. Although there is no controlling precedent on this question, the court might be influenced by the arguments above, and by the court's earlier refusal (in Maples, supra) to apply the dual office holding prohibition of art. 7, § 18 to special circuit judges.
It appears, however, that the applicability of the "separation of powers" prohibition embodied in Arkansas Constitution, art. 4, §§ 1 and 2, is not as readily challenged. Those provisions state respectively that:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted. [Emphasis added.]
The most analogous case law I have found on the question of the legality, under the separation of powers doctrine, of a member of the General Assembly serving as a special circuit judge or chancellor is Owenv. State, 263 Ark. 493, 565 S.W.2d 607 (1978). In Owen, a convicted criminal defendant attacked his conviction on the basis that the special prosecuting attorney (who presumably prosecuted his case) was also a duly elected member of the General Assembly. The court stated that: "Appellant makes a very convincing argument that the Special Prosecuting Attorney . . . was ineligible for appointment as such, because as a member of the General Assembly, he was prohibited from serving because he would be exercising the powers of the judicial department in violation of §§ 1 and2 of Art. 4 of the Constitution of Arkansas." 263 Ark. at 496. The court went on to hold the question irrelevant, however, because even if the special prosecutor was serving in violation of the separation of powers doctrine, he was a de facto officer, and the appellant could not question his authority or right to act as such. Id. at 497.
It appears that the conclusions reached in Owen would obtain as well to the question you present. The separation of powers doctrine, as distinguished from such other provisions as art. 5, § 10 discussed above, does not concern itself with "civil offices" or other categorizations of the office held, but rather prohibits the exercise ofany power belonging to one of the departments by a person being a member of another. This doctrine would therefore appear to preclude the dual service of a member of the General Assembly as a special circuit judge or chancellor. Of course, however, as noted in Owen, this does not mean that any actions the General Assembly member took or may take as a special judge are invalid. It has been held that there may be de facto judges, who, if regularly elected or appointed, even if there be some defect to their officeholding, may validly act. See e.g., Fortin v. Parrish Reeves, 258 Ark. 277, 524 S.W.2d 236 (1975); Casey v. Self,236 Ark. 496, 367 S.W.2d 114 (1963); Howell v. Howell, 213 Ark. 296,208 S.W.2d 22 (1948); and Pope v. Pope, 213 Ark. 321,210 S.W.2d 319 (1948). It also appears, however, that they are entitled to no compensation for so acting. See, e.g., Sitton v. Burnett,216 Ark. 574, 226 S.W.2d 544
(1950).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although art. 7, § 21 does not mention chancellors, it has been held applicable to chancellors. See Daley v. Boroughs, 310 Ark. 274,835 S.W.2d 858 (1992). See also A.C.A. § 16-13-310 (stating that a special chancellor may be elected for the same causes and in the same manner as special circuit judges are elected). See also however A.C.A. § 16-13-311 (authorizing the Governor to appoint a special chancellor under certain circumstances).
[2] Although art. 7, § 22 does not mention chancellors, it also applies to chancellors. See McEachin v. Martin, 193 Ark. 787, 102 S.W.2d 864
(1937).