IN the MATTER of the ESTATE OF J.I. SEAY, Sr.,
Deceased; In the Matter of the Estate of Hilma R. Seay,
Deceased; George L. Seay, *et al. v.* Helen Quinn, *et al.*

99-538                                           989 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered May 13, 1999

*Malcolm R. Smith, P.A.*, by: *Malcolm R. Smith*; and *Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Lance R. Miller*, for movants.

*Charles J. Lincoln, P.A.*, by: *Charles J. Lincoln*; and *John R. Myers*, for respondents.

P ER CURIAM. ■ ■ Considering the motion for a reassignment of judge filed by Helen S. Quinn and First United Bank, co-trustees and personal representatives of the Estates of J.I. Seay, Sr., and Hilma R. Seay, and the response filed by George L. Seay and James Irby Seay, Jr., this court has determined the following:

> 1. Judge Lawrence Dawson was assigned the captioned cases when the judge of the Chancery and Probate Courts of Arkansas County of the Eleventh East Judicial Circuit recused

pursuant to Ark. Code Ann. section 16-10-101, which provides that:

> The Chief Justice of the Supreme Court shall be directly responsible for the efficient operation of the judicial branch and of its constituent courts and for the expeditious dispatch of litigation therein and the proper conduct of the business of the courts.

2. Judge Dawson's term expired on December 31, 1998. Accordingly, his assignment was terminated and a new assignment was necessary.

3. On February 22, 1999, Judge David Switzer was assigned to the captioned cases under Orders Number 99-114 and 99-115.

4. On April 2, 1999, Judge Switzer held a pretrial conference and issued a pretrial order.

5. The first objection to Judge Switzer's appointment was made on April 7, 1999, after he had conducted his first hearing.

6. This court held in *Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995), that:

> It is the parties' or trial court's responsibility to apprise this Court as to whether an assignment is necessary under Act 496. Once that assignment is made, that responsibility continues. Clearly, it is not this court's task, on its own volition, to discover or monitor whether the circumstances have changed to warrant the termination of an assignment or reassignment.

The objection to Judge Switzer's appointment was not timely filed. Accordingly, we deny the motion for a reassignment of judge.