Brett D. Watson, Special Justice, concurring. 12gl agree that Special Justice McCorkin-dale’s commission ended when Justice Hoofman’s term ended and that Special Justice McCorkindale can thus no longer serve as a justice in Case No. CV-14-427 (“the marriage case”). I also agree that because Justice Wood’s term on the court has begun, she can participate in the marriage case. The majority and I diverge on the scope of the opinion and whether to overrule Neal v. Wilson, 321 Ark. 70, 900 S.W.2d 177 (1995). In reaching its decision, the majority opinion goes beyond what is needed. The question is whether Justice Wood or Special Justice McCorkindale can serve as a justice in the marriage case. The answer is found in the constitutional text and is supported by Caldwell’s Adm’r v. Bell & Graham, 6 Ark. 227 (1845). I would limit our analysis to the facts and law essential to the issue at hand. I also disagree with the decision to overrule Neal. It involved facts and law different from the case here. The parties there failed to tell this court that a new circuit judge had been elected and that the court thus did not need to reassign another circuit judge under Ark.Code Ann. § 16—10—101(b). Neal had nothing to do with special justices under Amendment 80 or its predecessor or the length of special justices’ terms. Perhaps Neal was wrongly decided. But that is not something we must decide today. We should instead wait until a case arises with facts and legal issues similar to those in Neal. This is not that case. For these reasons, I respectfully concur in the judgment.