Terry Glen GREEN *v.* STATE of Arkansas

CA CR 95-73 917 S.W.2d 171

Court of Appeals of Arkansas
Division III
Opinion delivered March 13, 1996

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

JUDITH ROGERS, Judge. Terry Green appeals his misdemeanor convictions of driving while intoxicated (DWI), violating the implied consent law, and of driving without a valid license. As a consequence of the jury's verdicts, he was sentenced to ninety days in jail for DWI; his driver's license was suspended for six months for violating the implied consent law; and he was fined $100 for driving without a valid license. Appellant's convictions were the result of a second trial, the first having ended in a mistrial. His sole point on appeal is the contention that the trial court erred in denying his motion to dismiss in which he raised the issue of former jeopardy. We find no error in the trial court's decision, and we affirm.

Appellant's first trial began on the morning of May 20, 1994, a Friday. The court recessed at noon for lunch and was to resume trial at 1:30 p.m. The prosecuting attorney for the city, however, did not return to court at the designated time. At 2:17 p.m., the court noted the city attorney's absence for the record. The court was advised that the sheriff's office, the city police and the city attorney's office were all searching for him, but that his whereabouts were unknown. Both the court and defense counsel understood that the city attorney suffered from "medical problems." The hospital had been called, but he was not there. The trial court declined to order a mistrial and instead continued the case until the following Monday morning.

On Monday, the 23rd of May, the court convened for the continuation of appellant's trial. The city attorney was not present. The court again noted for the record that the case had been continued from Friday because the city attorney had become ill. The court was informed that the authorities had located the city attorney on Friday at around 4:30 p.m. on Mt. Magazine. It was said that he was unresponsive and did not understand that he was to be in court that afternoon. The trial judge remarked that this was "very uncharacteristic" of the city attorney "unless

he is suffering some disability," and stated that he was convinced that the city attorney had been unable to continue with trial on Friday and that he remained unable to continue with trial that morning. The court accepted the services of a deputy prosecuting attorney for the county to proceed on behalf of the State. *Voir dire* of the six-person jury was conducted for the purpose of disclosing any acquaintance with the deputy prosecutor. A conflict with one of the jurors was revealed. The trial court then declared a mistrial, and appellant's case was reset for another jury trial.

Prior to the second trial, appellant moved to dismiss the charges on grounds of double jeopardy. At a hearing on this motion, testimony was adduced from the two officers who had located the city attorney that Friday afternoon. During the course of the hearing, appellant's counsel stipulated that the city attorney had since died and that the manner of his death had been ruled a suicide. It was not known, however, exactly when the death had occurred. Limiting his ruling to what was known at the time of the mistrial, the trial judge denied the motion to dismiss, holding that he had declared a mistrial for reasons of overriding necessity.

 The Fifth Amendment to the United States Constitution states, "nor shall any person be subject for the sa�122e offense to be twice put in jeopardy of life or limb." Article 2, Section 8 of the Arkansas Constitution provides that "no person, for the same offense, shall be twice put in jeopardy of life or liberty." With respect to former jeopardy, Arkansas Code Annotated § 5-1-112 (Repl. 1991) provides in pertinent part that:

> A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
> . . . .
>
> (3) The former prosecution was terminated without the express or implied consent of the defendant after the jury was sworn . . . unless the termination was justified by overruling necessity.

The supreme court has interpreted these laws to mean that:

> When the jury is finally sworn to try the case, jeopardy has attached to the accused and when, without the consent of the defendant, expressed or implied, the jury is discharged before the case is completed, then the constitutional right against double jeopardy may be invoked, except in cases of "overruling necessity."

*Smith* v. *State*, 307 Ark. 542, 545, 821 S.W.2d 774, 776 (1992) (quoting *Wilson* v. *State*, 289 Ark. 141, 145, 712 S.W.2d 654, 656 (1986)). Courts have recognized the difficulty of categorizing cases involving claims of double jeopardy and the resulting inadequacy of expounding any standard formula for guidance. *See Jones* v. *State*, 288 Ark. 162, 702 S.W.2d 799 (1986). Consequently, each case must turn largely on its own facts. *Id*. As was said by our supreme court in *Cody and Muse* v. *State*, 237 Ark. 15, 371 S.W.2d 143 (1963):

> The manifest necessity permitting the discharge of a jury without rendering a verdict and without justifying a plea of double jeopardy may arise from various causes or circumstances; but the circumstances must be forceful and compelling, and must be in the nature of a cause or emergency over which neither court nor attorney has control, or which could not have been averted by diligence and care.

*Id*. at 21, 371 S.W.2d at 147.

Appellant contends that this does not present a case of overruling necessity and that he was entitled to an absolute discharge when the city attorney first failed to appear that Friday afternoon. We cannot agree.

Although each case is dependent on its own facts, we do find guidance from previous decisions involving the question of "overruling necessity". Under Arkansas law it is well settled that the illness of a juror is a circumstance which qualifies as overruling necessity. *Shaw* v. *State*, 304 Ark. 381, 802 S.W.2d 468 (1991); *Atkins* v. *State*, 16 Ark. 568 (1855). Overruling necessity has also been found due to the illness of a material witness for the State. *Jones* v. *State*, *supra*. The intoxication of defense counsel has also been considered to present a case of overruling necessity. *Franklin and Reid* v. *State*, 251 Ark. 223,

471 S.W.2d 760 (1971).

 The record in this case supports the trial court's conclusion that the prosecutor had become ill and could not continue with the prosecution of appellant's trial. Confronted with this situation, the trial court endeavored to proceed with trial by accepting the substitution of a deputy prosecutor. However, that effort was thwarted when a conflict with one of the jurors was revealed. We think that the unexpected mental breakdown of the prosecutor and the events which followed were circumstances beyond anyone's control and that these facts presented an emergency which could not have been averted with reasonable diligence. We thus conclude that it was manifestly necessary for the court to order a mistrial, and we hold that the trial court did not err in ruling that appellant's second trial was not barred by double jeopardy.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.