Jerry Lee SCHALK *v.* STATE of Arkansas

CA CR 98-227                                    977 S.W.2d 495

Court of Appeals of Arkansas
Division II
Opinion delivered October 28, 1998

*McNutt & Swicegood Law Firm*, by: *Teri Hays Swicegood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Jerry Schalk has appealed the denial of his motion to dismiss to avoid double jeopardy. For reversal, appellant argues that the trial court erred by denying the motion to dismiss. We disagree and, therefore, affirm.

Appellant was charged by information on December 2, 1996, with aggravated robbery and accomplice to aggravated assault. On May 22, 1997, during *voir dire* of the jury pool, the appellant, his counsel, and the prosecutor were each identified to the members of the pool. The court questioned the pool for conflicts of interest with, or potential bias against, any of the identified parties. No potential witnesses, other than the appellant, were introduced to the jury pool. After the completion of *voir dire*, twelve jurors were selected. No alternate jurors were selected. The prosecutor asked the court whether an alternate juror would be selected, and the court responded that an alternate would not be needed. No comment or objection was made by appellant or his counsel. The jury was sworn, and the remaining members of the pool were excused for the day.

During opening statements, the prosecuting attorney mentioned one of the State's witnesses by name. At that point, a member of the jury panel indicated that the witness was his nephew, although the juror did not know any details of the case. Appellant's counsel objected to the juror and, during a bench conference, moved to reconvene and select a new jury. The court granted the appellant's motion.

Court reconvened the following day, at which time appellant's counsel expressed concern that using the same jury pool in *voir dire* would prejudice the appellant. The court then reset the case for a later date in order to provide appellant with a new jury pool.

On July 28, 1997, appellant entered a motion to dismiss to avoid double jeopardy that was heard September 1, 1997. The motion was denied, and the order entered on November 19, 1997. Notice of appeal was filed on November 19, 1997.

■ The Arkansas Constitution provides that "no person, for the same offense, shall be twice put in jeopardy of life or liberty[.]" Ark. Const. art. 2, § 8. This prohibition against a second prosecution for the same offense is further discussed in the statute:

A former prosecution is an affirmative defense to a subsequent prosecution for the same offense [when] . . .

(3) The former prosecution was terminated *without the express or implied consent of the defendant* after the jury was sworn . . . unless the termination was justified by overruling necessity.

Ark. Code Ann. § 5-1-112 (Repl. 1997) (emphasis added). This means that once the jury is sworn, "jeopardy has attached . . . [and] the constitutional right against double jeopardy may be invoked except in cases of 'overruling necessity.'" *Green v. State*, 52 Ark. App. 244, 247, 917 S.W.2d 171, 172 (1996) (citations omitted).

■ In order to properly assert the affirmative defense of double jeopardy, the case must terminate without the consent of the defendant. In *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997), the supreme court stated that the appellant could not complain on appeal because he received all of the relief he asked for at trial. *Id.* at 389, 948 S.W.2d at 402. Consent was found in *Rowlins v. State*, 319 Ark. 323, 891 S.W.2d 56 (1995), when defense counsel thanked the court and expressed appreciation for the court's granting a mistrial *sua sponte*.

■ In this case, appellant moved to reconvene the trial after the trial court excused the juror who was related to a witness. His motion was granted; he cannot now complain that the subsequent trial is barred by double jeopardy. *Id.*

■ ■ However, appellant claims that his motion for mistrial was irrelevant and should not be deemed to bar his double jeopardy claim because he was forced to choose between two undesirable alternatives: (a) proceed with a twelve-member jury that included a biased juror; or (b) waive a twelve-person jury and proceed to trial with only eleven jurors. The "goaded" mistrial motion is an exception to the general rule that one cannot seek a mistrial and then claim double jeopardy. *See Oregon v. Kennedy*,

456 U.S. 667 (1982); *Jackson v. State*, 322 Ark. 710, 911 S.W.2d 578 (1995). Where the State's conduct is such that it "goads" appellant to move for a mistrial, the general bar against claiming double jeopardy does not apply. *Id.* However, in this case nothing indicates that the State engaged in conduct that goaded appellant to move for mistrial, and the exception does not apply. Rather, appellant's mistrial motion resulted, as the trial judge candidly acknowledged, from the trial judge's failure to seat alternate jurors.

Affirmed.

PITTMAN and ROGERS, JJ., agree.