**KOSCOT INTERPLANETARY, INC., Movant,**

v.

**COMMONWEALTH of Kentucky, By and on Relation of Robert H. ALLPHIN, Commissioner of Revenue, Respondent.**

Supreme Court of Kentucky.

April 20, 1983.

Mark F. Armstrong, Shuffett, Kenton, Curry & Karem, Lexington, for movant.

Karl F. Hohmann and Nathan Goldman, Dept. of Revenue, Frankfort, for respondent.

OPINION OF THE COURT

This is an appeal from summary judgment entered in favor of the Commonwealth in a tax collection case.

The Commonwealth brought suit against Koscot Interplanetary, Inc., the movant corporation, for unpaid 1977 and 1978 sales taxes. The corporation counterclaimed demanding a refund of any tax paid to the Commonwealth since 1973.

Upon the Commonwealth's motion for summary judgment, based on the movant's failure to utilize administrative and statutory remedies as required under KRS 131.110, the movant argued that a genuine issue of material of fact existed—specifically, whether the Department had mailed, and

whether the movant had received, notice of assessment as required under KRS 131.110 and 139.620. In a supporting affidavit, the corporation president stated that the company records had been searched and that no notice of assessment could be found. From the record it appears that the Commonwealth did not or could not offer any proof that the subject notice of taxes due had been mailed to, or receive by, the movant.

The Circuit Court granted summary judgment. Koscot Interplanetary, Inc. appealed and the Court of Appeals affirmed the judgment of the Circuit Court. This court granted the movant's motion for discretionary review and we now reverse the decision of the Court of Appeals.

In its opinion affirming the entry of summary judgment by the Circuit Court, the Court of Appeals recognized the presumption in this jurisdiction that a letter properly mailed has been received and, that in the face of positive testimony as to mailing, a mere denial of receipt does not overcome the presumption. *Goodin v. General Accident Fire & L. Assur. Corp., Ltd.*, Ky., 450 S.W.2d 252 (1970). In addition, the appellate court noted the presumption that public officials perform their duties in good faith. *Kroger Co. v. Louisville & Jefferson County Air Bd.*, Ky., 308 S.W.2d 435 (1948). The Court of Appeals then synthesized the two presumptions to create the presumption that tax notices or assessments are properly mailed as a usual business custom or practice and, having been properly mailed, are presumed to have been received. The court went on to state, "This is not an irrebutable presumption, but its effect must, as with the presumption dealing with mailings in general, be met with more than a denial of receipt."

 The movant contends, and we agree, that to apply such a presumption in the absence of proof of a particular mailing or scheme of mailing is a denial of due process. While we agree with the Court of Appeals that to require proof of mailing of the particular notice would be clearly unreasonable, we, nonetheless, hold that summary judgment is improper where there is no proof of a regular system or scheme for mailing the notices. Once such positive proof of a regular system of mailing has been offered, a mere denial of receipt would not overcome the presumption that a letter properly mailed has been received. In the absence of such proof, it is a question of fact whether the movant received the notice of assessment.

We therefore reverse the decision of the Court of Appeals and remand to the Franklin Circuit Court for further proceedings consistent with this opinion.

AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., not sitting.