FOUNDATION TELECOMMUNICATIONS, INC. *v.*
MOE STUDIO, INC.

CA 99-516                                                    9 S.W.3d 542

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered January 19, 2000
[Petition for rehearing denied February 9, 2000.]

*Davis, Cox & Wright PLC,* by: *Laura J. Andress,* for appellant.

*Jay B. Williams, P.A.,* by: *Jay B. Williams,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Foundation Tele-communications, Inc. ("Foundation"), appeals the entry of judgment against it in favor of appellee Moe Studio, Inc. ("Moe"), for breach of an oral contract. Moe filed a complaint in municipal court and prevailed; Foundation appealed that decision. The case was tried de novo in circuit court, and Moe again prevailed. Foundation's three points on appeal are: (1) the special judge hearing the case was not properly elected to hear the case such that the judgment he rendered is void; (2) the trial court erred in finding that Foundation's employee had apparent authority to bind the corporation to enter into an oral contract; and (3) the trial court erred in finding that substantial evidence supported the finding that a valid

oral contract existed. Because the judgment rendered is void, we dismiss the appeal.

■ ■ The standard that we apply when we review a judgment entered by a circuit court after a bench trial is well established. We do not reverse such a judgment unless we determine that the circuit court erred as a matter of law or we decide that its findings were clearly against the preponderance of the evidence. *Riffle v. United General Title Ins. Co.*, 64 Ark. App. 185, 984 S.W.2d 47 (1998). We will not reverse a trial court's finding of fact unless it is clearly erroneous. *Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Wade v. Arkansas Dep't of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999).

This case was tried to the bench in Benton County Circuit Court on a de novo appeal from municipal court. Circuit Judge Tom Keith, who had scheduled the case for trial, was not present on the day of trial, set for January 11, 1999, at 9:00 a.m. Instead, Andrew Miller presided over the trial without objection from appellant during the course of the proceedings.

At the conclusion of the trial, Mr. Miller found in favor of Moe and awarded $4715 in damages for work completed. He stated from the bench that Ms. Roper, an employee of Foundation, possessed the apparent authority to bind the company and that a valid contract was entered into by the parties with the consent of Mr. Livergood, the president of Foundation. Mr. Miller also stated that he believed that a contract can be "ever evolving" and that this was such an agreement. After judgment was pronounced from the bench but prior to a precedent being filed of record, Foundation's counsel wrote to the duly elected circuit judge, Tom Keith, stating that the letter constituted its formal objection to Andrew Miller sitting as special judge since he had not been properly elected.

Moe's counsel responded by a letter to Judge Keith in which he stated:

> [A]ll attorneys with business before the court that day were advised of your absence and were advised of the efforts that were being made to select a special judge to serve in your absence. More importantly, a review of the record in the case will reveal not a

single objection made to the appointment of Mr. Miller. Rather, both parties announced their readiness for trial and proceeded to try the case.

Foundation's counsel responded to the letter from Moe's counsel by a further letter to Judge Keith containing these statements:

> I was never informed of any efforts being made to select a "special judge." I was simply told that you were out with a sick father, who was in the hospital, and that "Judge Miller" would be hearing the case. I did not know if Judge Miller was from another circuit or otherwise serving on exchange. It was not until after the trial that I learned that Mr. Miller was an attorney practicing law with your son, Sean. Therefore, I never acquiesced to a "special judge." In fact, had I been made aware that Mr. Miller was not an elected judge but a "special judge," I would have asked for a continuance and I would have never acquiesced to him hearing this case. This case involved some very complex issues which a seasoned judge needed to hear.

No ruling was ever issued on this matter, and the judgment was filed of record the following week, signed by Mr. Miller, who purported to be acting as special judge. This appeal followed.

Foundation's first point on appeal is that the service of Mr. Miller as special judge in this case was improper. It argues that, because Mr. Miller was not properly elected, the judgment rendered by him is void. Moe counters by arguing that this issue is not preserved for review because counsel voiced no objection at the commencement of trial and only raised an objection after an adverse judgment was announced. We find merit to Foundation's argument.

■ Article 7, § 21, of our state's Constitution provides for the election of special judges. Its purpose is to avoid delay in the trial of pending cases that are about to be reached on the docket or that in fact have been reached; this provision was intended to keep the sessions of the court from failing and to keep the courts in motion by the election of special judges. *Wessell Bros. Foundation Drilling Co. v. Crossett Public Sch. Dist. No. 52*, 287 Ark. 415, 701 S.W.2d 99 (1985); *Titan Oil & Gas, Inc. v. Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1974). The Constitution requires that special circuit judges or chancellors be elected by the attorneys in attendance at the court

and that the proceedings be entered upon the record. *Abercrombie v. Green*, 235 Ark. 776, 362 S.W.2d 12 (1962).

The supreme court promulgated Administrative Order Number 1 mirroring Article 7, § 21, which outlines procedures to be followed in the election of special judges. That order states, in pertinent part, that when a circuit judge fails to appear for court, the clerk of the court shall conduct an election from the attorneys present in the courtroom; the ballots shall be secret; and the qualified attorney shall serve immediately after being sworn in by the clerk. Administrative Order of Supreme Court Number 1, § 1. This order further provides that "the clerk of the court in the county in which the special judge election is held shall make a record of the proceedings" and the record shall be substantially in the form set forth in the order and verified by the clerk of the court. *Id.* at § 5.

■ ■ The supreme court has held that elections of special judges by consent, either expressly or tacitly given, cannot impart judicial power to a special judge. *Daley v. Boroughs*, 310 Ark. 274, 835 S.W.2d 858 (1992); *Red Bud Realty Co. v. South*, 145 Ark. 604, 224 S.W. 964 (1920). "Where the parties attempt to select a special judge by agreement the proceedings are void, and the appeal must be dismissed." *Abercrombie v. Green*, 235 Ark. 776, 777, 362 S.W.2d 12 (1962). "Parties to a suit may select an arbitrator, but they can not by agreement select a person to preside as judge, and try a cause in the Circuit Court; they can not by such agreement impart to him any judicial power. A special judge must be elected as provided by the Constitution." *Dansby v. Beard*, 39 Ark. 254, 255 (1882). T herefore, appellant cannot be said to have verified this action by consent, and in any event consent cannot confer jurisdiction. *See id.*

■ ■ Equally well settled in Arkansas law is that elections of special judges, including the reasons for the regular judge's absence, are presumed to be valid. *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997). Appellant bears the burden to produce a record showing that an attack on the election was made in the trial court. *Titan Oil & Gas Inc. v. Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1974). However, this presumes that an election was held. *See e.g. Daley v. Boroughs*, 310 Ark. 274, 835 S.W.2d 858 (1992). Moe did not contend that an actual election was held when it responded to Foundation's posttrial objection nor does it do so now. Further-

more, the record does not reflect that an election was conducted. Consequently, there could be no objection to the election procedure.

█ Appellant has demonstrated that this record is devoid of evidence of a duly held election of the special judge in accordance with Constitutional mandate, and therefore this judgment was void. The appeal is dismissed. Inasmuch as the subject judgment is void, the case remains on the Benton County Circuit Court docket and should be set for trial.

Dismissed.

HART and STROUD, JJ., agree.

ROAF, J., concurs.

JENNINGS, J., and HAYS, S.J., dissent.

JOHN E. JENNINGS, Judge, dissenting. I have no quarrel with the facts recited by the majority nor, in a general sense, with the law it relies upon. The threshold issue is whether the appellant can successfully challenge the election of the special judge who decided the case.

No objection was made by the appellant until it received an adverse decision. Even at that point appellant filed no pleading to set aside the decision but merely wrote a letter to the regular circuit judge stating:

> Please allow this letter to serve as the defendant's formal objection to an entry of a judgment by this "Special Judge." If I understand Ark. Code Ann. § 16-10-15, certain requirements must be met before a special judge can be instituted. I do not see where those were met in this case, therefore, I object to the entry of a judgment by a "Special Judge."

It should be noted that appellant's letter does not point out the reasons it believed the procedure was defective. In *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997), the court recited the settled rule that the election of a special judge is presumed to be valid. The court also held that it was the appellant's burden to produce a record showing that an attack on the election was made in the trial court. Even if the objection was timely, it was not specific enough to apprise the regular circuit judge of the reasons appellant believed

the election of the special judge to have been flawed. On this record, I would hold that the presumption of the validity of the election has not been overcome.

HAYS, S.J., joins in this dissent.