RENDERED: JANUARY 21, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0358-DG

PLEASANT UNIONS, LLC                                                                          APPELLANT

ON REVIEW FROM COURT OF APPEALS
v.                              NO. 2018-CA-0606
TAYLOR CIRCUIT COURT NO. 16-CI-00337

KENTUCKY TAX COMPANY, LLC AND                                          APPELLEES
U.S. BANK, AS CUSTODIAN FOR
SASS MUNI V DTR

**OPINION OF THE COURT BY JUSTICE HUGHES**

**REVERSING AND REMANDING**

Kentucky Revised Statutes (KRS) Chapter 134 contains statutes relating to the collection of *ad valorem* taxes, including the process to be followed by third-party purchasers of delinquent tax bills. Pursuant to that statutory framework, Kentucky Tax Company, LLC acquired from Taylor County a 2009 certificate of delinquency for property owned by Pleasant Unions, LLC in Campbellsville, Kentucky. Kentucky Tax Company then brought suit to foreclose its lien on the property and to collect the amounts Pleasant Unions owed. Before both the circuit court and the Court of Appeals, Pleasant Unions challenged, unsuccessfully, Kentucky Tax Company's compliance with the notice requirements of KRS 134.490. We granted discretionary review to address the "proof of mailing" requirement set forth in KRS 134.490. Upon review, we conclude that an affidavit from Kentucky Tax Company's attorney

tendered in support of its summary judgment motion was not sufficient proof of mailing as required by the applicable statute. Accordingly, we reverse the Court of Appeals' decision affirming the circuit court's summary judgment in favor of Kentucky Tax Company and remand this case for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Pleasant Unions, LLC, whose sole shareholder is John Humphress, was the owner of real property located at 576 Pleasant Union Church Road, Campbellsville, Kentucky. On August 25, 2010, Appellee Kentucky Tax Company, LLC purchased from Taylor County a 2009 certificate of delinquency for *ad valorem* taxes on that property. Pleasant Unions' address is listed on the delinquency certificate as 116 Kensington Way, Campbellsville, Kentucky (hereinafter 116 Kensington Way).[1] In November 2016, Kentucky Tax Company brought suit to foreclose upon the certificate of delinquency and sought summary judgment against Pleasant Unions.[2] Along with other

---

[1] This was Pleasant Unions' address of record with the Taylor County Property Valuation Administrator. According to Humphress's affidavit he resided at the Kensington Way address during the statutorily-prescribed notice period involved in this case.

[2] Kentucky Tax Company initiated service of process on Pleasant Unions via certified mail to Pleasant Unions' registered agent. A warning order attorney was subsequently appointed. Kentucky Tax Company moved for default judgment and summary judgment. Pleasant Unions responded through counsel. Humphress's affidavit stated he was never served with a summons in this lawsuit; he never received any communication from the warning order attorney; and he first became aware of this case when he received a copy of Kentucky Tax Company's motion for default and summary judgment. By agreed order, Pleasant Unions filed an answer belatedly. Pleasant Unions' defenses included that the notice requirements in KRS 134.490 had not been met and Kentucky Tax Company had not provided proof that it actually mailed the statutorily-required notices.

2

documents supporting the motion, Kentucky Tax Company attached letters to show that it had satisfied the notice requirements of KRS 134.490.[3] Pertinently, the letters dated October 11, 2010 and March 24, 2016 and signed by Kentucky Tax Company attorney Jay McShurley identified the recipient as Pleasant Unions at 116 Kensington Way. The October 11, 2010 letter informed Pleasant Unions that Kentucky Tax Company had purchased its 2009 delinquent property tax bill on August 25, 2010. The March 24, 2016 letter notified Pleasant Unions of Kentucky Tax Company's intent to foreclose against the real property to collect the amounts due under the certificate of delinquency. Pleasant Unions denied receiving either of these two letters.[4]

In response to the summary judgment motion, Pleasant Unions claimed that Kentucky Tax Company had not proven that the October 11, 2010 and the March 24, 2016 letters were actually mailed. Pleasant Unions particularly argued the letters themselves were insufficient to show proof of mailing as the letters had not been sworn to or certified in some manner. Kentucky Tax

---

[3] Kentucky Tax Company attached six letters in support of its motion to show that the notice requirements of KRS 134.490 had been satisfied. Five of the letters were signed by Kentucky Tax Company attorney Jay McShurley; each letter identified the recipient as either Pleasant Unions or John Humphress at 116 Kensington Way. The five letters were dated October 11, 2010; May 12, 2011; April 9, 2012; December 15, 2015; and March 24, 2016. Based upon the statutory provisions in effect at the time the certificate of delinquency was purchased, only the October 11, 2010 and March 24, 2016 letters are at issue in this case.

[4] Pleasant Unions admitted receiving the May 12, 2011 letter. Along with denying receipt of the October 11, 2010 and March 24, 2016 letters, Pleasant Unions denied receiving the December 15, 2015 letter which it described as a letter required by KRS 134.490. Pleasant Unions made no statement specific to the April 9, 2012 letter in its response to the motion for summary judgment.

Company countered with an affidavit of attorney Jay McShurley who averred from personal knowledge "[t]hat on October 11, 2010" and "that on March 24, 2016, [he] caused a letter to be sent by first class mail with proof of mailing to Pleasant Unions, LLC at 116 Kensington Way . . . ."[5] Copies of the October 11, 2010 letter and the March 24, 2016 letter were attached as exhibits. The Taylor Circuit Court granted Kentucky Tax Company's motion, entering a judgment and order of sale, and awarding Kentucky Tax Company attorney fees and costs.

Pleasant Unions moved the court to vacate the judgment, contending that Kentucky Tax Company did not provide sworn testimony or certified copies as proof that the purported notices were in fact mailed. It noted McShurley's affidavit did not explain who actually mailed the notices. Further, Kentucky Tax Company offered no documentation from the United States Postal Service (USPS) that established the items were actually mailed or the affidavit of anyone who actually mailed the letters.[6] The circuit court denied the Kentucky Rule of Civil Procedure (CR) 59.05 motion.

On Pleasant Unions' appeal, the Court of Appeals concluded that the attested notices satisfied the proof of mailing requirement in KRS 134.490 and affirmed the summary judgment. Having so decided, the Court of Appeals also

---

[5] McShurley's affidavit stated likewise for letters mailed on May 12, 2011; April 9, 2012; and December 15, 2015 and attached copies of the letters as exhibits.

[6] Pleasant Unions also argued that summary judgment was improper since Pleasant Unions' discovery request for production of documents showing proof of mailing remained unanswered. This argument was not raised before the Court of Appeals.

concluded Pleasant Unions' argument that the award of attorney fees and costs under KRS 134.452 was improper because notice was not given, was moot. The Court of Appeals refused to consider Pleasant Unions' additional argument that Kentucky Tax Company's attorney fees should be disallowed as questionable and insufficiently documented, finding it failed to articulate specific allegations of error.

On Pleasant Unions' motion for discretionary review, we conclude as explained herein that the lower courts misconstrued the statutory requirement of "proof of mailing".[7] Consequently, we reverse the Court of Appeals and remand this case to the circuit court for further proceedings consistent with this Opinion.

## ANALYSIS

At the time Kentucky Tax Company bought the certificate of delinquency in 2010, KRS 134.490(1) and (2), as amended in 2009, required the purchaser to give two separate notices to the delinquent taxpayer. The statute mandated notice shortly after the third-party purchaser received delivery of the certificate of the delinquency, KRS 134.490(1) (within 50 days), and again before instituting an action to collect the amount due on the certificate, KRS 134.490(2) (at least 45 days).[8] These provisions read in full:

---

[7] Pleasant Unions also presents to this Court the argument that its right to due process was violated because summary judgment was granted while discovery requests were pending. Because this argument is not preserved, this Court does not have the authority to review it. *Ritchie v. Turner*, 559 S.W.3d 822, 834 (Ky. 2018) (citation omitted).

[8] Prior to the 2009 amendments, KRS 134.490(1) provided:

5

(1) Within fifty (50) days after the delivery of a certificate of delinquency by the clerk to a third-party purchaser, the third-party purchaser shall send to the delinquent taxpayer *by first-class mail with proof of mailing,* a notice informing the delinquent taxpayer that the certificate of delinquency has been purchased by the third-party purchaser. The notice shall include the information required by subsection (3) of this section.

(2) Anytime after the expiration of the one (1) year tolling period established by KRS 134.546, the third-party purchaser may institute an action to collect the amount due on a certificate of

---

Within fifty (50) days after the issuance of a certificate of delinquency to a private purchaser, the private purchaser shall give the same notice as required of a county attorney in KRS 134.500(3).

(a) The notice shall advise the owner that:
1. The certificate is a lien of record against all property of the owner;
2. The certificate bears interest at the rate provided in Section 6 of this Act; and
3. If the certificate is not paid, it will be subject to collection as provided by law.

(b) In addition, the notice shall provide the following information to the taxpayer:
1. The legal name of the purchaser;
2. The purchaser's physical address;
3. The purchaser's mailing address for payments, if different from the physical address; and
4. The purchaser's telephone number.

If the information required by this paragraph changes, the purchaser shall send a notice to the taxpayer by registered mail with the corrected information. Failure to send the original notice or any correction notices shall result in the suspension of the accrual of all interest and any fees incurred by the purchaser after that date until proper notice is given as required by this subsection.

As to the private purchaser, KRS 134.490(2) delineated the type of actions which could be instituted and relief available after the expiration of the one (1) year period provided in KRS 134.470. 2007 Ky. Acts ch. 14, § 5, effective June 26, 2007.

The 50-day notice provision within KRS 134.490 was first enacted by 1998 Kentucky Acts Chapter 209, Section 15 as follows: "1) Within fifty (50) days after the issuance of a certificate of delinquency to a private purchaser, the private purchaser shall give the same notice as required of a county attorney in subsection (2) of Section 16 of this Act. The notice shall advise the owner that the certificate is a lien of record against all property of the owner, and bears interest at the rate of twelve percent (12%) per annum, and if the certificate is not paid, it will be subject to collection as provided by law."

delinquency.  At least forty-five (45) days before instituting a legal action, the third-party purchaser shall send to the taxpayer *by first-class mail with proof of mailing*, a notice informing the taxpayer that enforcement action will be taken.  This notice shall also include the information required by subsection (3) of this section.[9]

*See* 2009 Ky. Acts ch. 10, § 15 (effective Jan. 1, 2010) (emphasis added).[10]

_____

[9] KRS 134.490 was most recently amended in 2012, maintaining these two notice requirements, but adding that after the 50-day notice requirement, the third-party purchaser shall send, at least annually, a notice to the delinquent taxpayer, until the 45-day pre-litigation notice is sent.  The statute maintains the requirement that the 50-day and 45-day notice be sent by the third-party purchaser to the delinquent taxpayer by first-class mail with proof of mailing and requires likewise for the notices sent at least annually.

KRS 134.490(1) and (2) currently provide:

(1) The following notices shall be sent by a third-party purchaser to the delinquent taxpayer by first-class mail with proof of mailing, and shall include the information required by subsection (3)(d) of this section:

(a) Within fifty (50) days after the delivery of a certificate of delinquency by the clerk to a third-party purchaser, the third-party purchaser shall send a notice to the delinquent taxpayer informing the delinquent taxpayer that the certificate of delinquency has been purchased by the third-party purchaser; and

(b) At least annually thereafter, until the notice required by subsection (2) of this section is sent, the third-party purchaser shall send a notice to the delinquent taxpayer.

(2) Anytime after the expiration of the one (1) year tolling period established by KRS 134.546, the third-party purchaser may institute an action to collect the amount due on a certificate of delinquency.  At least forty-five (45) days before instituting a legal action, the third-party purchaser shall send to the taxpayer by first-class mail with proof of mailing, a notice informing the taxpayer that enforcement action will be taken.  This notice shall also include the information required by subsection (3) of this section, and shall be in addition to any notice sent under subsection (1) of this section.

[10] Similar notice requirements were first enacted by 2007 Kentucky Acts Chapter 14, Section 1.  Section 1 provisions were codified in newly created KRS 134.452.  Pertinently, KRS 134.452 initially provided:

(4) Within ninety (90) days after the expiration of the one (1) year tolling period provided in KRS 134.470, the private purchaser shall send to the

In order to determine whether the circuit court properly granted

summary judgment in favor of Kentucky Tax Company, we must first interpret

the proof of mailing requirement in these two statutory subsections.  Both the

taxpayer *by first-class mail, with proof of mailing*, a notice informing the taxpayer that the certificate of delinquency may be enforced as provided in KRS 134.490(2).  The notices shall be sent to the address reflected in the records maintained by the property valuation administrator.  The notice shall also include the contact information required by KRS 134.490(1)(b).

(5) Within thirty (30) days but at least fifteen (15) days prior to initiating any of the collection remedies enumerated in KRS 134.490(2), the private purchaser shall send to the taxpayer *by first-class mail, with proof of mailing,* a notice informing the taxpayer that enforcement actions will be taken.  The notices shall be sent to the address reflected in the records maintained by the property valuation administrator.  The notice shall also include the contact information required by KRS 134.490(1)(b).

(Emphasis added.)  2009 Ky. Acts ch. 10 revised KRS 134.452 and, *inter alia*, Sections (4) and (5) were stricken.

2007 Kentucky Acts Chapter 14 also amended KRS 134.490's 50-day notice requirement to include the purchaser's legal name, physical address, mailing address for payments when different from the physical address, and telephone number.  *See* n.8, *supra.*  Unlike newly created KRS 134.452's less specific mailing provisions, newly created KRS 134.490(1)(b)'s unenumerated paragraph required notice of contact information changes to be sent via registered mail.  *See* n.8, *supra.*  The "registered mail" language was replaced with "first class mail with proof of mailing" language in the 2009 revision to KRS 134.490.  As amended in 2009, and still in effect, this passage reads:

If the information required by this paragraph changes, the third-party purchaser shall, within thirty (30) days of the change becoming effective, send a notice to each taxpayer *by first-class mail with proof of mailing* with the corrected information.  The third-party purchaser shall also update contact information included in the records of the county clerk within ten (10) days of the change becoming effective.  Failure to send the original notice or any correction notices shall result in the suspension of the accrual of all interest and any fees incurred by the third-party purchaser after that date until proper notice is given as required by this subsection.

2009 Ky. Acts ch. 10, § 15; KRS 134.490(3)(e) (emphasis added).

8

grant of summary judgment and issues of statutory interpretation present questions of law, which we review de novo. *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (summary judgment); *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321, 325 (Ky. 2008) (statutory interpretation).

The objective of construing a statute is to ascertain the General Assembly's intent in enacting the legislation. KRS 446.080(1); *MPM Fin. Group, Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky. 2009). "To determine legislative intent, we look first to the language of the statute, giving the words their plain and ordinary meaning." *Richardson v. Louisville/Jefferson Cnty. Metro Gov't*, 260 S.W.3d 777, 779 (Ky. 2008). "All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning." KRS 446.080(4). As long as the statutory language is plain and unambiguous, the legislature's intent is deduced from the language used. *Western Ky. Coal Co. v. Nall & Bailey*, 14 S.W.2d 400, 401–02 (Ky. 1929). When ambiguity is present, rules of construction guide the determination of the legislature's intent. *MPM Fin. Group*, 289 S.W.3d at 198. If the statutory language is ambiguous, other sources such as legislative history may be used to ascertain the legislature's meaning. *See id.* at 198. "We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes." *Shawnee Telecom Res. v. Brown*, 354

9

S.W.3d 542, 551 (Ky. 2011). We also presume that the legislature "did not intend an absurd result." *Id.*

The relevant sentences in KRS 134.490(1) and (2) contain the operative phrase, "the third-party purchaser shall send to the delinquent[11] taxpayer *by first-class mail with proof of mailing,* a notice informing . . . ." In plain terms, the phrase requires the third-party purchaser to send the notice to the taxpayer, by first-class mail, *with proof of mailing of that notice,* i.e., to simultaneously send the taxpayer both notice and proof of mailing of that notice. This understanding of the statute is reflected in Kentucky Tax Company's own March 24, 2016 letter which included as part of its introduction/heading the statement "PROOF OF MAILING BY REGULAR U.S. MAIL." Having reviewed the pertinent parts of KRS Chapter 134 as a whole, we conclude this reading of the third-party purchaser notice obligation is simply unreasonable because it ignores the legislature's purpose in mandating proof of mailing and produces an absurd result, *to wit* it requires the purchaser to mail a notice and simultaneously give proof to the recipient that the purchaser mailed it. To understand the legislature's true intent, we must consider the statutory scheme "as a whole." *Shawnee Telecom,* 354 S.W.3d at 551.

The General Assembly has provided within KRS Chapter 134 a statutory scheme for collecting *ad valorem* taxes owed to the Commonwealth, counties, and tax districts, "recogniz[ing] that third-party purchasers play an important

---

[11] KRS 134.490(2) omits the term "delinquent."

10

role in the delinquent tax collection system, allowing taxing districts to receive needed funds on a timely basis." KRS 134.452. With the ultimate purpose being tax collection and not sale of a delinquent taxpayer's property, the General Assembly has enacted statutes to curtail third-party purchaser exploitation of delinquent taxpayers. For example, the preamble to 2007 Kentucky Acts Chapter 14 states that

> it has come to the attention of the General Assembly that . . . some private purchasers have made it very difficult for taxpayers to make payments on certificates of delinquency by not providing sufficient contact information to taxpayers; and . . . it is the intent of the General Assembly, through the enactment of the provisions of Section 1 of this Act . . . to require private purchasers of certificates of delinquency to provide contact information to taxpayers so that taxpayers may pay certificates of delinquency.

The General Assembly has also incorporated within Chapter 134 incentives for third-party purchasers to comply with notice requirements to taxpayers. For example, if the third-party purchaser fails to send original notices or any required correction notices, the accrual of all interest and any fees incurred by the purchaser shall be suspended until after proper notice is given as required by KRS 134.490. KRS 134.490(f) (effective Apr. 7, 2010 until 2012 revision); KRS 134.490(e) (effective Apr. 23, 2012). Proof of mailing then is also pertinent to the third-party purchaser reaping the full statutory benefit accorded the purchaser.[12] Additionally, as part of the tax delinquency

---

[12] Although not necessarily apparent from the statutory text, proof of mailing is relevant to affording the delinquent taxpayer due process before the third-party purchaser's lien is foreclosed by sale of the subject property. S*ee* KRS 134.490(2); KRS 134.546; KRS 134.420; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Dusenberry v. United States*, 534 U.S. 161 (2002); *Jones v. Flowers*, 547 U.S. 220 (2006).

statutory scheme, the third-party purchaser cannot foreclose on its lien, KRS 134.546, unless it strictly complies with the notice requirements. *Smith v. Isom*, 78 S.W.2d 752, 753 (Ky. 1935) ("Tax sales are made exclusively under statutory authority, and a valid sale of real estate for taxes requires strict compliance with all statutory provisions relative to the assessment and levying of the tax and the sale of the property therefor."). Because proof of mailing is a primary obligation of the third-party purchaser, and proof of mailing would otherwise be redundant to the taxpayer's receipt of the letter sent by first-class mail, concluding that KRS 134.490 requires "proof of mailing" to be sent to the delinquent taxpayer simply defies common sense. This Court is obliged to interpret statutes in a manner which avoids an absurd result, *Shawnee Telecom*, 354 S.W.3d at 551, and we do so in this case.

As the Court of Appeals correctly observed, the statutory phrase "proof of mailing" is not a term of art specific to the shipping industry or a term describing a particular USPS service option. If the General Assembly had intended to mandate the use of one of the specific USPS first-class mail services and then proof of that use, the statute would have so stated, e.g., by specifying "certified mail, return receipt requested."[13] Therefore, proof of

---

[13] KRS Chapter 134 previously specified certain notices sent to a delinquent taxpayer must be mailed by certified mail, return receipt requested. For example, prior to its amendment in 1992, KRS 134.500(1) stated:

> Within fifty (50) days after the issuance of a certificate of tax delinquency to the state, county and taxing district, the county attorney shall cause a notice of the purchase to be served by the sheriff personally or by certified mail, return receipt requested, on the person in whose name the property was assessed, and advise him that the certificate is a lien of

mailing does not require the third-party purchaser to obtain a certificate of

mailing or to use certified mail or registered mail, although all of these USPS

services would seemingly satisfy the "proof of mailing" requirement by

providing a mailing receipt.[14]  We note that while a certificate of mailing is

perhaps less commonly used to send legal notices, it provides an official record

showing the date the piece of mail was presented to the USPS for mailing, as do

> record against his land that bears interest at twelve percent (12%) per annum, and if not paid the county attorney will proceed as provided by law to collect same.  A copy of the return of the sheriff or the return receipt shall be filed by the sheriff in the office of the county clerk in the manner prescribed by the Revenue Cabinet.

*See* 1990 Ky. Acts ch. 27, § 12.  In 1992, the General Assembly removed KRS 134.500's certified mail, return receipt mailing requirement, and amended it to read "the county attorney shall cause a notice of the purchase to be mailed by regular mail to the property owner."  1992 Ky. Acts ch. 81, § 1.  The General Assembly also added the requirement in newly created KRS 134.500(1)(b) that "[t]he county attorney shall file in the office of the county clerk a list of the names and addresses to which the notice was mailed along with a certificate that the notice was mailed in accordance with the requirements of this section."  *Id.*  KRS 134.500 was repealed in 2009, effective January 1, 2010.  2009 Ky. Acts ch. 10, § 71.  Newly created KRS 134.504 maintained like provisions.  *See id.* at § 12.  KRS 134.504(4)(a) provided: "Within thirty (30) days after the establishment of a certificate of delinquency, the county attorney or the department shall mail a notice by regular mail to the owner of record . . . ."  KRS 134.504(4)(b) provided: "The county attorney or the department shall file in the office of the county clerk a list of the names and addresses to which the thirty (30) day notice was mailed along with a certificate attesting that the notices were mailed in accordance with the requirements of this section."  These provisions remain in effect.

As to the third-party purchaser, a registered mail requirement was included in the 2007 amendment of KRS 134.490.  2007 Ky. Acts ch. 14, § 5.  With that amendment, if the third-party purchaser's contact information changed, he was required to notify the taxpayer of the change by registered mail.  *Id.*  In 2009, the registered mail notification was changed to notification by first-class mail with proof of mailing.  2009 Ky. Acts ch. 10, § 15.

[14] United States Postal Service, *What Domestic Mail Extra Services are Available?* (July 14, 2020), https://faq.usps.com/s/article/What-Domestic-Mail-Extra-Services-are-Available.

certified and registered mail, both of which provide certain delivery-related information along with a mailing receipt.[15]  Because KRS 134.490 does not specify or restrict the various forms of permissible proof of mailing, the issue here is not about the method used but rather the sufficiency of the proof that the notice was in fact sent by first-class mail.

Turning to the proof of mailing offered in this case–an affidavit from Kentucky Tax Company's attorney–Pleasant Unions argues that the statute requires an affidavit of the individual who personally mailed the notices and a certified or sworn statement that the notices were actually mailed.  Pleasant Unions relies on *Humphress v. U.S. Bank as Custodian for Sass Muni V DTR*, 2013-CA-001708-MR, 2015 WL 3429398 (Ky. App. May 29, 2015) (unpublished), as it did before the Court of Appeals, to support its position that Kentucky Tax Company's October 11, 2010 and March 24, 2016 letters must be sworn to or certified in some manner demonstrating the letters were actually mailed.  In *Humphress*, when U.S. Bank sought summary judgment to foreclose on a certificate of delinquency, Humphress responded that U.S. Bank had failed to adduce evidence substantiating that it complied with the KRS 134.490 notice requirements.  *Id.* at *1.  With U.S. Bank bearing the initial burden of showing that no genuine issue of material fact existed, the Court of Appeals concluded that the pre-litigation attorney's affidavit requesting fees for a "50-day notice letter" sent on August 14, 2007, and a total of six "demand

---

[15] *Id.*

14

letters" sent between August 2, 2008 and April 19, 2012, was insufficient. *Id.* at *3. In addition to being added to the record post-judgment, the affidavit was legally insufficient to establish proof of mailing of the notice to the delinquent taxpayer as required under KRS 134.490. *Id.* The Court of Appeals, citing CR 56.05, noted that the affidavit was not accompanied by any sworn or certified copies of the purported notices referenced by the attorney. *Id.* Without proper proof of mailing, the appellate court reversed U.S. Bank's summary judgment and remanded the matter for further proceedings. *Id.*

Although Pleasant Unions views *Humphress* as guidance, specifically guidance that sworn or certified copies of the letters are required in order for summary judgment to be granted in favor of Kentucky Tax Company, CR 56.05 requires a summary judgment to be assessed based on the evidence of record. In *Humphress*, the pre-litigation attorney fee affidavit could not resolve on its own the issue of whether the notices were in fact sent by first-class mail, so the Court of Appeals proceeded to identify other additional evidence comporting with CR 56.05 which under the circumstances would have rendered the summary judgment proper. *Id.* The case was remanded to allow U.S. Bank to produce any records it may have had establishing that it sent the requisite notices. *Id.* In this case, the Court of Appeals concluded that the attorney's affidavit–admittedly differing in evidentiary value from the affidavit discussed in *Humphress*–attesting that he caused the notices to be mailed succeeded in establishing that the notices were sent by first-class mail and the "right to judgment . . . with such clarity that there [was] no room left for controversy."

15

*Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (citation omitted).  We must disagree.

In challenging the Court of Appeals' understanding of "proof of mailing," Pleasant Unions relies primarily on *Goodin v. General Accident Fire & Life Assurance Corp.*, 450 S.W.2d 252 (Ky. 1970), a case which addressed the sufficiency of "proof of mailing" within the context of an insurance contract cancellation.  Pleasant Unions essentially asks this Court to hold that the General Assembly intended the "proof of mailing" language in KRS 134.490 to be defined in the same manner as that concept is understood in Kentucky's common law.[16]

In *Goodin*, this Court's predecessor affirmed the circuit court's declaration that an insurance policy was effectively cancelled by the insurer. 450 S.W.2d at 257.  The contract provided that proof of mailing from the office of the insurer "shall be" sufficient for a notice of cancellation.  *Id.* at 255.  The Court explained that proof of mailing was satisfied by showing compliance with business usage, provided the usage relied upon embodied sufficient evidentiary safeguards to satisfy the need for protection of the affected party.  *Id.* at 257. The Court held that the insurance company's regular business practice of mailing the cancellation through first-class mail, retaining a postal receipt,

---

[16] Pleasant Unions also cites *Pence Mortgage Co. v. Stokes*, 559 S.W.2d 500 (Ky. App. 1977); *Simpson v. Jefferson Standard Life Insurance Co.*, 465 F.2d 1320 (6th Cir. 1972); and *Smith v. Commissioner of Social Security*, 880 F.3d 813 (6th Cir. 2018), to demonstrate that evidence similar to Kentucky Tax Company's has been held insufficient to establish that a document has been mailed and that more conclusive proof should be obtained and available when an issue arises.

16

retaining a record certification that the notice was so mailed, and having a return address on the envelope was proof of a definite and specific character that supported a finding that the mailing actually occurred, rendering the cancellation notice effective. *Id.* at 256-57. The Court explained that proof of mailing the insurance cancellation notice should be of "definite and specific" character "since mere mailing of a notice of cancellation is sufficient to cause cancellation of insurance protection with an attendant impact of possible economic disaster to the insured." *Id.* at 256.

While Pleasant Unions views *Goodin*'s business usage standard as the standard which should govern the proof of mailing requirement in KRS 134.490, *Goodin* is not directly authoritative in the case at bar. Nevertheless, we agree with the *Goodin* Court's analysis that the proof of mailing required may vary depending on the circumstances presented, much like the due process required may vary with the circumstances. *Koscot Interplanetary, Inc. v. Commonwealth, ex rel. Allphin,* 649 S.W.2d 201 (Ky. 1983). Although not cited by Pleasant Unions, *Koscot* interprets a statutory notice requirement within the context of a tax collection case, dealing particularly with the question of whether certain evidence of mailing was sufficient to prove that the taxpayer received notice of a tax assessment from the Commonwealth.

In *Koscot,* the trial court granted summary judgment in favor of the Commonwealth, finding the notice of assessment requirements in KRS

17

131.110[17] and KRS 139.620[18] were satisfied. Each statute provided the Commonwealth "shall mail" the requisite notice to the taxpayer. The Court of Appeals affirmed the trial court. However, because the Commonwealth "did not or could not offer any proof that the subject notice of taxes due had been mailed to, or receive[d] by" the taxpayer, this Court reversed. *Id.* at 202. Citing *Goodin*, 450 S.W.2d 252, we explained that although a presumption exists that a properly mailed letter has been received, application of that "presumption in the absence of proof of a particular mailing or scheme of mailing is a denial of due process." *Id.* While we agreed it would be clearly unreasonable to require proof of the Commonwealth's mailing of the specific contested notice, we concluded that summary judgment was improper in the absence of proof of a regular system or scheme for mailing notices from which it could be presumed the taxpayer received the notice of assessment. *Id.*[19]

---

[17] When *Koscot* was decided in 1983, KRS 131.110(1) provided: "The Revenue Cabinet shall mail to the taxpayer a notice of any tax assessed by it." *See* 1990 Ky. Acts ch. 423, § 8. This requirement is currently codified within KRS 131.110(1)(a).

[18] In 1983, KRS 139.620(1) stated:

As soon as practicable after each return is received, the cabinet shall examine and audit it. If the amount of tax computed by the cabinet is greater than the amount returned by the taxpayer, the excess shall be assessed by the cabinet within four (4) years from the date the return was filed, except as provided in subsection (2), and except that in the case of a failure to file a return or of a fraudulent return the excess may be assessed at any time. A notice of such assessment shall be mailed to the taxpayer. . . .

*See* 1990 Ky. Acts ch. 414, § 4. KRS 139.620(1) currently reads the same, except the term "department" takes the place of the term "cabinet."

[19] *Koscot* was decided after the United States Supreme Court's 1950 decision in *Mullane v. Central Hanover Bank & Trust Co.*, a case involving "the constitutional sufficiency of notice to beneficiaries on judicial settlement of accounts by the trustee of

Although this case does not involve proof of the government's mailing of a tax assessment, but rather a third-party purchaser of a certificate of tax delinquency and proof of mailing of the notices required in order to foreclose on the tax lien, *Koscot* is nevertheless instructive. *Koscot* illustrates the type of evidence sufficient to show that the third-party purchaser actually mailed the required notice in those instances where the third-party purchaser did not take advantage of one of the USPS services that would provide proof of the actual mailing of a particular notice or, for whatever reason, did not or could not present an affidavit of mailing by the person who actually deposited the letter in the U.S. mail. In those circumstances, the third-party purchaser must present credible evidence that the specific KRS 134.490 notices were actually mailed, a standard in keeping with the General Assembly's intent that the taxpayer be sent notices with information enabling the taxpayer to pay the certificate of delinquency and avoid sale of the property. When notice sent by first-class mail is a person's right under a Kentucky statute, proof of the means employed to effect such notice must reflect specific actions taken to accomplish the mailing. *See Mullane*, 339 U.S. at 315. If the person or entity required to send notice relies on proof of a regular course of business–a regular notice mailing "system or scheme" as it was described in *Koscot*–that party must offer

a common trust fund established under New York Banking Law." 339 U.S. at 307. *Mullane* holds the Due Process Clause of the Fourteenth Amendment requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314.

proof of a standard office mailing procedure designed to ensure that the notices are properly addressed and mailed by first-class mail, sworn to by someone with personal knowledge of the business procedure, as well as proof of compliance with that regular business procedure in the specific instance.

Having interpreted the "proof of mailing" requirements in KRS 134.490, we turn to whether the circuit court's grant of summary judgment in favor of Kentucky Tax Company was proper. A motion for summary judgment shall be sustained "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010) (quoting *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001)). Our review requires us to determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Id.* (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996)).

Having considered KRS 134.490 in the context of the statutory scheme applicable to third-party purchasers of delinquent tax bills, we must conclude that the Court of Appeals' determination that Kentucky Tax Company's

attorney's affidavit was sufficient proof of mailing does not comport with the intention of the General Assembly. Attorney McShurley's affidavit merely states that, on the dates reflected on the accompanying letters, "he caused" the notices "to be sent by first-class mail." As Kentucky Tax Company seemingly relies on a course of business, as discussed above, then it must offer proof of a standard office mailing procedure designed to ensure that the notices were properly addressed and mailed by first-class mail, sworn to by someone with personal knowledge of that procedure, as well as proof of compliance with that specific procedure as to the particular notice at issue. The affidavit in this case plainly does not meet that standard and does not constitute proof of mailing as required by KRS 134.490. The lower courts erred in concluding otherwise.

## **CONCLUSION**

Because a genuine issue of material fact exists as to Kentucky Tax Company's compliance with the notice requirements of KRS 134.490, the circuit court's summary judgment was premature. We reverse the Court of Appeals' opinion affirming the circuit court's summary judgment and remand this case for further proceedings consistent with this Opinion.

All sitting. All concur.

21

COUNSEL FOR APPELLANT:

Bryan Edward Bennett
Bennett Law Office, PSC

COUNSEL FOR APPELLEE, KENTUCKY TAX
COMPANY, LLC:

Joshua Michael Bilz
Bilz & Associates, PSC

COUNSEL FOR APPELLEE:  U.S. BANK
AS CUSTODIAN FOR SASS MUNI V DTR:

Jamie Dale Reiter